924 P.2d 1211

STATE of Hawai'i, Plaintiff–Appellee,

v.

Wayne R. GRIFFIN, Defendant–
Appellant.

No. 18967.

Supreme Court of Hawai'i.

Sept. 5, 1996.

Theodore Y.H. Chinn, Deputy Public Defender, on the briefs, Honolulu, for defendant-appellant Wayne R. Griffin.

Moana M. Lutey, Deputy Prosecuting Attorney, on the briefs, Wailuku, for plaintiff-appellee State of Hawai'i.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

LEVINSON, Judge.

The defendant-appellant, Wayne R. Griffin, appeals the restitution order stemming from his judgment of conviction of negligent injury in the first degree and "right of way—vehicle turning," following his entry of a no contest plea in the Second Circuit Court. Griffin contends that the circuit court lacked the statutory authority to compel him, as a condition of probation, to execute a promissory note in aid of restitution. He also contends that the circuit court's restitution order, which obligated him to sign a promissory note for a period longer than his probation, unlawfully exceeded his ability to pay. While we agree with Griffin's initial point of error and therefore vacate the portion of his sentence imposing the execution of the promissory note as a condition of probation, we affirm the circuit court's restitution order.

## I. BACKGROUND

On September 8, 1994, Griffin pled no contest to one count of violation of "right of way—vehicle turning," in violation of Hawai'i Revised Statutes (HRS) § 291C–62 (1993), and one count of negligent injury in the first degree, in violation of HRS § 707–705 (1993). Griffin's pleas arose out of an automobile accident that occurred on January 30, 1994, in which Griffin's car collided with a motorcycle driven by Joann Allencastre on Pi'ilani Highway in the County of Maui. Griffin failed to yield the right of way to Allencastre and turned into the path of her motorcycle. The impact of the collision threw Allencastre into the air and over Griffin's car, resulting in several injuries, including a compressed skull fracture, laceration to the forehead, and bruises in the area of her left eye, abrasions to the chin, a fractured hip, fractured tibia, and fractures to the fingers of both her right and left hands.

On November 3, 1994, Griffin was sentenced to six months of probation in connection with the right of way conviction and five years of probation and one year in jail in connection with the negligent injury conviction. Six months of the jail term were suspended so long as Griffin satisfied a series of conditions of probation.

At a restitution hearing conducted on February 2, 1995, Griffin testified that, when employed in accounting, the "average amount of overage ... between his income working full time and paying ... personal expenses" was as much as one thousand dollars per month. The circuit court ordered Griffin to pay $10,418.73 in restitution to Allencastre for hospital and therapy bills [hereinafter, "the restitution order"]. The payments were to begin sixty days after Griffin's release from jail at a rate of no less than one hundred dollars per month.

The circuit court also ordered Griffin, as a further condition of probation, to execute a promissory note in the amount of the ordered restitution. Defense counsel objected, arguing that the Hawai'i Penal Code (HPC) did not authorize the court to compel a defendant in a criminal case to execute a promissory note. The circuit court ruled that "I've done it in the past[,] and it seems appropriate because the probation period ends[,] and[,] with large amounts[,] the payment period goes on."

Griffin timely appealed.

## II. *DISCUSSION*

Griffin argues that the circuit court lacked the authority to compel him to execute a promissory note as a condition of his probation and that the court's perceived need for a promissory note implied that Griffin could not afford to satisfy the restitution order, thus violating HRS § 706–605(1)(d) (1993).[1]

### A. *Standard Of Review*

■■■■ "The authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed." *State v. Valera,* 74 Haw. 424, 439, 848 P.2d 376, 383, *reconsideration denied,* 74 Haw. 650, 853 P.2d 542 (1993). In other words,

> while a sentence may be authorized by a constitutionally valid statute, its imposition may be reviewed for plain and manifest abuse of discretion.
>
> Admittedly, the determination of the existence of clear abuse is a matter which is not free from difficulty, and each case in which abuse is claimed must be adjudged according to its own peculiar circumstances. Generally, to constitute an abuse, it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

*State v. Kumukau,* 71 Haw. 218, 227–28, 787 P.2d 682, 688 (1990) (citations and internal quotation marks omitted). *See also State v. Murray,* 63 Haw. 12, 25, 621 P.2d 334, 342–43 (1980).

*State v. Gaylord,* 78 Hawai'i 127, 143–44, 890 P.2d 1167, 1183–84 (1995) (brackets omitted).

---

1.  HRS § 706–605(1)(d) was amended in 1995. *See* 1995 Haw. Sess. L. Act 215, § 1 at 413. However, the amendment, which authorizes the court to order restitution to be paid directly to the criminal injuries compensation commission for compensation awarded under HRS ch. 351, is irrelevant to the present appeal.

2.  HRS § 706–623 was amended in 1994, *see* 1994 Haw. Sess. L. Act 229, § 2 at 557–58, but

### B. *The Circuit Court Erred In Compelling Griffin To Sign A Promissory Note As A Special Condition Of His Probation.*

Griffin contends that the HPC does not authorize the circuit court to force a criminal defendant, *as a condition of probation,* to execute a promissory note in aid of a restitution order because the terms of the promissory note will outlast the sentence of probation. We agree.

Although not essential to our holding in *State v. Yamamoto,* 79 Hawai'i 511, 904 P.2d 525 (1995), we noted that

> HRS § 706–623 (1993) would prohibit a court from ordering a defendant to sign a promissory note for the balance of restitution owed as a condition of probation. HRS § 706–623 provides in relevant part: "[w]hen the court has sentenced a defendant to be placed on probation, the period of probation shall be *five years* upon conviction of a felony ... unless the defendant is sooner discharged by order of the court." (Emphasis added.) Accordingly, all conditions of probation must come to term within five years pursuant to HRS § 706–623.[2] Because a condition of probation to sign a promissory note would make a defendant civilly liable to the State for an indefinite period of time and, therefore, would not come to terms within five years, we believe that such a condition would be illegal in violation of HRS § 706–623.

79 Hawai'i at 516 n. 6, 904 P.2d at 530 n. 6. *See also United States v. Bruchey,* 810 F.2d 456, 459–61 (4th Cir.1987). *Cf. Gaylord,* 78 Hawai'i at 154–55, 890 P.2d at 1194–95 (consecutive sentence of imprisonment imposed so that Hawai'i Paroling Authority could have an extended period of time to monitor repayment of restitution held improper).

---

the amendment does not affect the applicability of the *Yamamoto* principle. While a defendant convicted of a class A felony may now be placed on probation for up to ten years, a maximum probationary period of up to five years still applies to those convicted of class B or class C felonies. HRS § 706–623 (1995). Negligent injury in the first degree is a class C felony. HRS § 707–705 (1993).

**108**

■ In the present case, the circuit court's articulated basis for ordering the promissory note—to ensure that restitution payments continued after probation had expired—directly contradicts the principle, articulated in *Yamamoto*, that a promissory note should not extend the conditions of probation. Therefore, we expressly reaffirm the reasoning of our dictum in *Yamamoto* and hold that the HPC, as currently configured, does not authorize the trial court to compel a criminal defendant to execute a promissory note in the amount of any restitution order, or any balance thereof, as a condition of probation.

### C. The Circuit Court Did Not Commit An Abuse Of Discretion In Entering The Restitution Order.

■ Griffin next urges that, by ordering a promissory note in aid of restitution, the circuit court implicitly found that he, Griffin, could not afford to pay the full amount of the restitution order. We disagree.

3. We do not intend to imply that a restitution order cannot extend beyond the expiration of a term of probation. A restitution order is not merely a condition of probation; it is a freestanding sanction. *Yamamoto*, 79 Hawai'i at 516 n. 6, 904 P.2d at 530 n. 6; *Gaylord*, 78 Hawai'i at 154, 890 P.2d at 1194. The procedure for enforcing payment of such a restitution order is delineated in HRS § 706-644 (1993), as amended by 1996 Haw. Sess. L. Act 137, § 2 at ___ [hereinafter, "Act 137"]. *See Yamamoto*, 79 Hawai'i at 515-16 nn. 5 & 6, 904 P.2d at 529-30 nn. 5 & 6 ("although Yamamoto failed to pay the entire $118,000.00 in restitution during his five-year term of probation, the sentencing court is not powerless to collect the balance of the restitution due"); *Gaylord*, 78 Hawai'i at 153-54 n. 50, 890 P.2d at 1193-94 n. 50.

4. Act 137 does not affect HRS § 706-644(4), which establishes the mechanism for dealing with non-contumacious defaults on restitution payments. The 1996 amendment, however, is somewhat confusing, and, although not essential to our holding in the present case, we think it provident to make some observations as to the effect of the amendment. "[O]ur foremost obligation," when interpreting a statute, "is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statute itself." *State v. Aluli*, 78 Hawai'i 317, 320, 893 P.2d 168, 171 (1995) (citation omitted). "[T]he courts may resort to extrinsic aids in determining legislative intent. One avenue is the use of legislative history as an interpretive tool." *State v. Toyo-*

■ HRS § 706-605(1)(d) (1995) limits restitution, as an authorized disposition of a convicted defendant, to "an amount the defendant can afford to pay[.]" Griffin testified that, once he completed his jail term and was employed full-time, he would foreseeably have up to one thousand dollars available each month to satisfy a restitution order. Although the circuit court's restitution order contemplated initial payments of one hundred dollars per month, it was therefore likely that Griffin would have the financial ability to satisfy the full amount of the ordered restitution well in advance of the completion of his term of probation.[3]

■ If Griffin were to find himself unable to pay the minimum one hundred dollars per month in restitution to Allencastre, the circuit court is empowered to "make an order allowing the defendant additional time for payment, reducing the amount thereof or of each installment, or revoking the ... restitution or the unpaid portion thereof in whole or in part." HRS § 706-644(4) (1996).[4] The

*mura*, 80 Hawai'i 8, 19, 904 P.2d 893, 904 (1995) (citations and internal quotation marks omitted). Furthermore, "[t]he legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction[,] and illogicality." *State v. Malufau*, 80 Hawai'i 126, 137, 906 P.2d 612, 623 (1995) (citation and internal quotation marks omitted).

The 1996 amendment deleted the following underlined language from § 706-644(5) (1993), the totality of which provided:

*Upon any contumacious default in the payment of a fine or restitution or any installment thereof, execution may be levied and such other measures may be taken for the collection of the fine, or restitution, or the unpaid balance thereof as are authorized for the collection of an unpaid civil judgment entered against the defendant in an action on a debt.* The levy of execution for the collection of a fine or restitution shall not discharge a defendant committed to imprisonment for nonpayment of the fine or restitution until the amount of the fine or restitution has actually been collected or accounted for under subsection (3).

Act 137, § 2 at ___. This section now contains an ambiguity or inconsistency. The surviving language of HRS § 706-644(5) discusses the implications of a levy of execution without laying any apparent foundation for it. Act 137, however, added (among other things) the following subsection to HRS § 706-644:

(6) Unless discharged by payment or service of imprisonment in default of a fine, a fine may

circuit court, therefore, did not order Griffin to pay restitution in an amount that exceeded his ability to pay.

## III. *CONCLUSION*

For the foregoing reasons, we hold that the circuit court abused its discretion in ordering Griffin to execute a promissory note as a condition of his probation. Accordingly, we vacate the portion of his sentence imposing the execution of the promissory note as a condition of probation. However, we affirm the circuit court's restitution order.

be collected in the same manner as a judgment in a civil action.

Act 137, § 2 at ___. The new HRS § 706–644(6) refers only to fines and makes no mention of restitution. Nevertheless, the legislature has explained the purposes underlying Act 137, which amends HRS ch. 291C, as well as HRS § 706–644, as follows:

> [T]his bill amends the state traffic code by enacting a new section that provides that fines may be collected in the same manner as a judgment in a civil action, that costs may be collected in the same manner as a civil judgment, and that the Attorney General may institute proceedings to collect the fine, costs, interest, and attorney's fees as a civil judgment in the court of appropriate jurisdiction. *The bill also amends section 706–644, Hawaii Revised Statutes, regarding the consequences of default in paying a fine or restitution, by adding similar language to that penal code section, and by deleting contradictory language regarding the levy of execution of an unpaid civil judgment entered against the criminal defendant in an action on a debt.*

Sen. Stand. Com. Rep. No. 2987, in 1996 Senate Journal at ___ (emphasis added). *See also* House Stand. Com. Rep. No. 379–96, in 1996 House Journal at ___ (the first sentence of section 706–644(5) was deleted "to remove any potential conflict between existing law and the provisions of the bill").

We think it self-evident that a legislative oversight occurred in amending HRS § 706–644(5) and drafting HRS § 706–644(6). Otherwise, the legislature would have gutted the enforcement mechanism for addressing defaults on restitution orders without acknowledging any reason for doing so. Indeed, the foregoing senate committee report expresses a clear legislative intent that collection of ordered restitution, which is in default, be effected in the same manner as a judgment in a civil action. We therefore construe HRS § 706–644(6) to apply to collection of both fines and restitution, thus avoiding an inconsistent and illogical application of the statute.