986 P.2d 987

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Donna Marie JOHNSON, Defendant–Appellant.**

No. 21218.

Intermediate Court of Appeals of Hawai'i.

June 30, 1999.

Theodore Y.H. Chinn, Deputy Public Defender, on the briefs, for defendant-appellant.

James M. Anderson, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

BURNS, C.J., WATANABE, and LIM, JJ.

Opinion of the Court by WATANABE, J.

Defendant–Appellant Donna Marie Johnson (Defendant) appeals from the "FINDINGS AND ORDER DENYING MOTION TO REVOKE RESTITUTION; FREE-STANDING RESTITUTION ORDER; CIVIL JUDGMENT AGAINST DEFENDANT IN FAVOR OF BANK OF HAWAII," entered by the Circuit Court of the First Circuit (the circuit court) on December 9, 1997 (the December 9, 1997 Order).

We vacate the December 9, 1997 Order and remand for further proceedings consistent with this opinion.

## BACKGROUND

On April 8, 1992, an Oʻahu grand jury returned an indictment, charging Defendant with one count of Theft in the First Degree [1] and seven counts of Forgery in the Second Degree.[2] The indictment alleged that between November 1990 and March 1991, Defendant exerted unauthorized control over property of Bank of Hawaii exceeding $20,000.00 in value and forged seven Bank of Hawaii checks totaling $65,108.35.

On August 7, 1992, Defendant pled guilty to all of the charges. On September 17, 1992, a circuit court judge entered a judgment convicting Defendant as charged and sentencing Defendant to a five-year term of probation for each count, "to run concurrent with each other and with Cr. No. 92–0056." The judgment also ordered Defendant to comply with the following "special conditions of probation" during her term of probation:

4. [Defendant] shall be committed to the Director of the Department of Public Safety for incarceration for a period of ONE (1) YEAR, with credit to be given for time served. Mittimus to issue forthwith.

5. [Defendant] shall make restitution in the amount of $65,108.35 in Count 1,[3] at a rate of at least $25.00 per month, commencing January 1, 1993, with future modifications in the the [sic] payment schedule, as may be dictated by changes in employment or other pertinent personal circumstances, to be made in accordance with the Adult Probation Division's Restitution Computation Formula.

(Footnote added.)

On August 26, 1997, Defendant's probation officer filed a Motion to Revoke Restitution. In support of the motion, Defendant's probation officer asserted that: (1) Defendant had been in compliance with the terms and conditions of her probation; (2) as of June 1, 1997, Defendant had paid $1,000.00 in restitution, leaving a balance, as of June 4, 1997, of $64,108.35; (3) a budget review ascertained that Defendant could make a minimum monthly restitution payment of $223.74, but

---

1. At the time that Defendant–Appellant Donna Marie Johnson (Defendant) was indicted, Hawaiʻi Revised Statutes (HRS) § 708–830.5 (1985 & Supp.1991) provided, in pertinent part:
   **Theft in the first degree.** (1) A person commits the offense of theft in the first degree if the person commits theft of property, the value of which exceeds $20,000.
   (2) Theft in the first degree is a class B felony.

2. At the time that Defendant was indicted, HRS § 708–852 (Supp.1991) provided, in relevant part:
   (1) A person commits the offense of forgery in the second degree if, with intent to defraud, he falsely makes, completes, endorses, or alters a written instrument, or utters a forged instrument, which is or purports to be, or which is calculated to become or to represent if completed, a deed, will, codicil, contract, assignment, commercial instrument, or other instrument which does or may evidence, create, transfer, terminate, or otherwise affect a legal right, interest, obligation, or status.
   (2) Forgery in the second degree is a class C felony.

3. Our review of the record on appeal indicates that Defendant was accused in Count 1 of the indictment with obtaining or exerting "unauthorized control over the property of [Bank of Hawaii], to wit[,] money, the value of which exceeds [$20,000.00], with intent to deprive [Bank of Hawaii] of the property, thereby committing the offense of Theft in the First Degree, in violation of [HRS § ] 708–830.5 . . . ." The $65,108.35 figure reflected in the special conditions of Defendant's probation sentence appears to be the total amount of the checks which Defendant was accused of forging in Counts 2 through 8 of the indictment.

Defendant claimed that she was unable to pay that amount; and (4) a review of Defendant's finances revealed that Defendant could not afford to pay the balance of the $65,108.35 in restitution owed by September 16, 1997, the end of her five-year probationary period.

The foregoing motion was heard on September 15, 1997, and on December 9, 1997, a written order was entered by the circuit court that provided, in relevant part, as follows:

### FINDINGS:

* * *

4. On September 17, 1992 in the instant case[, a circuit court judge] sentenced [Defendant] to a 5–year term of probation in each count to run concurrently with each other and to run concurrently with [Defendant's] 5–year term of probation in the companion case of State of Hawaii [Hawai'i] v. Donna Marie Johnson, Cr. No. 92–0056, Circuit Court of the First Circuit. Certain terms and conditions were imposed upon [Defendant] as terms and conditions of her probation in the instant case.

5. One of the terms and conditions of probation ordered by [the circuit court judge] against [Defendant] in the instant case was as follows:

"5. You shall make restitution in the amount of $65,108.35 in Count 1, at a rate of at least $25.00 per month, commencing January 1, 1993, with future modifications in the payment schedule, as may be dictated by changes in employment or other pertinent personal circumstances, to be made in accordance with the Adult Probation Division's Restitution Computation Formula."

6. [Defendant's probation officer] conducted a budget review with [Defendant] on August 13, 1996 and it was determined that [Defendant's] appropriate minimum monthly restitution payment in the instant case was $223.74.

7. [Defendant] claimed that she was living paycheck to paycheck and further claimed that she was unable to pay the indicated minimum restitution payment of $223.75 per month in the instant case.

8. [Defendant] has been paying a minimum of $25.00 per month since February 1995, and $50.00 per month since January 1997 in the instant case.

9. [Defendant] has paid restitution in the amount of $1,000.00 in the instant case as of June 1, 1997.

10. [Defendant] was also paying restitution ordered in the amount of $975.00 in the companion case of State of Hawaii [Hawai'i] v. Donna Marie Johnson, Cr. No. 92–0056, Circuit Court of the First Circuit, through December 1996, and that the restitution amount in that companion case has been paid in full.

11. A review of [Defendant's] financial situation ... showed that [Defendant] could not afford to pay the balance of $64,108.35 in the instant case by the end of the probation period.

12. In the instant case[, Defendant's] period of probation was scheduled to expire on September 16, 1997.

13. Pursuant to State v. Griffin, 83 Hawai'i 105[, 924 P.2d 1211] (1996), and State v. Yamamoto, 79 Hawai'i 511[, 904 P.2d 525] (1995), restitution can be a free-standing order remaining in full force and effect beyond the termination of [Defendant's] term of probation in the instant case.

14. Pursuant to Section 706–644(6) of the Hawaii [Hawai'i] Revised Statutes, as amended, and pursuant to dictum (footnote 4) in Griffin, supra, civil judgment can be imposed against [Defendant] in favor of Bank of Hawaii. [Defendant] has already pled GUILTY as charged to Count 1 which is the offense of THEFT IN THE FIRST DEGREE. There has already been a determination made beyond a reasonable doubt through the sentencing process in the instant criminal case that the appropriate restitution amount was $65,108.35 payable to Bank of Hawaii. It would be a waste of judicial time, judicial effort, and judicial economy to now force Bank of Hawaii to enter into a civil suit against [Defendant] to collect the remaining balance of restitution from [Defendant].

* * *

Accordingly,

*ORDER:*

IT IS ORDERED that the Motion to Revoke Restitution is denied.

IT IS FURTHER ORDERED that [Defendant] shall pay restitution in the amount of $65,108.35 less the amount of restitution already paid by [Defendant] to date, payable to Bank of Hawaii, and that this restitution order is a free-standing order remaining in full force and effect beyond the termination of [Defendant's] term of probation in the instant case.

IT IS FURTHER ORDERED that civil judgment in the amount of $65,108.35 shall enter forthwith against [Defendant] and in favor of Bank of Hawaii.

On the same day that the December 9, 1997 Order was filed, Defendant filed a motion to stay the order and a hearing on the motion was scheduled for January 14, 1998. On December 19, 1997, however, Defendant filed a notice of appeal from the December 9, 1997 Order. At the outset of the January 14, 1998 hearing, therefore, the circuit court inquired whether it retained jurisdiction to entertain Defendant's motion to stay. Defense counsel asserted that the circuit court still had jurisdiction because the appeal had not yet been docketed. Conversely, the State maintained that the jurisdiction of the circuit court over the matter terminated upon the filing, and not the docketing, of the notice of appeal. Without reaching a conclusion on the jurisdictional issue,[4] the circuit court proceeded to hear arguments on the merits of the case.

On February 2, 1998, the circuit court issued an order denying Defendant's motion to stay the December 9, 1997 Order.

## ISSUES ON APPEAL

Defendant contends that the circuit court reversibly erred in entering the Free–Standing Restitution Order because: (1) the circuit court lacked jurisdiction to enter the order after her term of probation had expired; (2) the circuit court violated her due process right by failing to provide her with notice that a condition of her probation would be enlarged; (3) the circuit court impermissibly transformed a condition of probation into a free-standing restitution order; (4) the circuit court's imposition of the Free–Standing Restitution Order increased the severity of her original sentence, thereby violating her right against double jeopardy; (5) the lack of a sentencing standard to guide the circuit court's determination of whether to impose a free-standing restitution order violated Defendant's due process rights under *State v. Huelsman,* 60 Haw. 71, 588 P.2d 394 (1978), *reh'g denied,* 60 Haw. 308, 588 P.2d 394 (1979); and (6) the imposition of the Free–Standing Restitution Order pursuant to Hawai'i Revised Statutes (HRS) § 706–644(6) (1993 & Supp.1997) was an ex post facto application of a statute promulgated in 1996 to offenses committed in 1990 and 1991.

We agree that the circuit court improperly entered the Free–Standing Restitution Order.

## DISCUSSION

### A.

HRS § 706–600 (1993) provides that "[n]o sentence shall be imposed otherwise than in accordance with this chapter [706]."

At the time Defendant was adjudged guilty of the charges against her, HRS § 706–605

---

4.  Pursuant to HRS § 641–14 (1993), it appears that the circuit court did retain jurisdiction to rule on Defendant's "MOTION TO STAY THE EXECUTION OF ORDER DENYING MOTION TO REVOKE RESTITUTION; FREE–STANDING RESTITUTION ORDER; CIVIL JUDGMENT AGAINST DEFENDANT IN FAVOR OF BANK OF HAWAII" (Motion to Stay). HRS § 641–14 provides, in relevant part:

    **Stay in criminal cases.** (a) The filing of a notice of appeal ... may operate as a stay of execution and may suspend the operation of

any sentence or order of probation, in the discretion of the trial court. If the court determines that a stay of execution is proper, the court shall state the conditions under which the stay of execution is granted....

    The court may revoke the stay of execution or amend the conditions thereof for a violation of the conditions of the stay of execution.

In any event, Defendant does not allege on appeal that the circuit court erred in denying her Motion to Stay.

(1993), which sets forth the authorized sentencing dispositions available to a sentencing court, provided, in pertinent part:

**Authorized disposition of convicted defendants.** (1) Except as provided in parts II and IV of this chapter and subsection (2) of this section and subject to the applicable provisions of this Code, the court may sentence a convicted defendant to one or more of the following dispositions:

(a) To be placed on probation as authorized by part II of this chapter;

(b) To pay a fine . . . ;

(c) To be imprisoned for a term as authorized by part IV of this chapter;

(d) To make restitution in an amount the defendant can afford to pay; . . . or

(e) To perform services for the community. . . .

(2) The court shall not sentence a defendant to probation and imprisonment except as authorized by part II of this chapter.

\* \* \*

(6) This chapter does not deprive the court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license, remove a person from office, or impose any other civil penalty. Such a judgment or order may be included in the sentence.

Where a defendant is sentenced to probation, HRS § 706–624(1) (1993) [5] mandates that the sentencing court impose certain conditions on the defendant. HRS § 706–624(2) also lists certain discretionary conditions that a sentencing court may impose on the defendant, among them, "that the defendant . . . [m]ake restitution as specified in section 706–605(1)(d)[.]" HRS § 706–624(2)(e).

██ The Hawaiʻi Supreme Court has recognized a difference between an order to pay restitution imposed pursuant to HRS § 706–605(1)(d) and an order to pay restitution imposed as a condition of probation in accordance with HRS § 706–624(2)(e). An order to pay restitution pursuant to HRS § 706–605(1)(d) is a "free-standing sanction, to be imposed alone or in combination with other sanctions[.]" *State v. Gaylord,* 78 Hawaiʻi 127, 154, 890 P.2d 1167, 1194 (1995) (internal quotation marks omitted). It is enforceable through the procedure set forth in HRS § 706–644 (1993).[6] *State v. Yamamoto,*

---

**5.** HRS § 706–624 (1993) provides, in relevant part:

**Conditions of probation.** (1) Mandatory conditions. The court shall provide, as an explicit condition of a sentence of probation:

(a) That the defendant not commit another federal or state crime during the term of probation;

(b) That the defendant report to a probation officer as directed by the court or the probation officer;

(c) That the defendant remain within the jurisdiction of the court, unless granted permission to leave by the court or a probation officer;

(d) That the defendant notify a probation officer prior to any change in address or employment;

(e) That the defendant notify a probation officer promptly if arrested or questioned by a law enforcement officer; and

(f) That the defendant permit a probation officer to visit the defendant at the defendant's home or elsewhere as specified by the court.

(2) Discretionary conditions. The court may provide, as further conditions of a sentence of probation, to the extent that the conditions are reasonably related to the factors set forth in section 706–606 and to the extent that the conditions involve only deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 706–606(2), that the defendant:

\* \* \*

(e) Make restitution as specified in section 706–605(1)(d);

\* \* \*

(3) Written statements of conditions. The defendant shall be given a written copy of any requirements imposed pursuant to this section, stated with sufficient specificity to enable the defendant to guide the defendant's self accordingly.

**6.** At the time that Defendant was convicted and sentenced, HRS § 706–644 (1993) provided, in relevant part:

**Consequences of nonpayment; imprisonment for contumacious nonpayment; summary collection.** (1) When a defendant sentenced to pay . . . restitution defaults in the payment thereof or of any installment, the court, upon the motion of the prosecuting attorney or upon its own motion, may require the defendant to show cause why the defendant's default should not be treated as contumacious and may issue a summons or a warrant of arrest for the defendant's appearance.

79 Hawai'i 511, 515 n. 5, 904 P.2d 525, 529 n.

Unless the defendant shows that the defendant's default was not attributable to an intentional refusal to obey the order of the court, or to a failure on the defendant's part to make a good faith effort to obtain the funds required for the payment, the court shall find that the defendant's default was contumacious and may order the defendant committed until the ... restitution, or a specified part thereof is paid.
* * *

(3) The term of imprisonment for nonpayment of ... restitution shall be specified in the order of commitment, and shall not exceed one day for each $25 of the fine, thirty days if the fine was imposed upon conviction of a violation or a petty misdemeanor, or one year in any other case, whichever is the shorter period. A person committed for nonpayment of ... restitution shall be given credit toward payment for each day of imprisonment, at the rate of $25 per day.

(4) If it appears that the defendant's default in the payment of ... restitution is not contumacious, the court may make an order allowing the defendant additional time for payment, reducing the amount thereof or of each installment, or revoking the ... restitution or the unpaid portion thereof in whole or in part.

(5) Upon any contumacious default in the payment of ... restitution or any installment thereof, execution may be levied and such other measures may be taken for the collection of the ... restitution, or the unpaid balance thereof as are authorized for the collection of an unpaid civil judgment entered against the defendant in an action on a debt. The levy of execution for the collection of ... restitution shall not discharge a defendant committed to imprisonment for nonpayment of the ... restitution until the amount of the ... restitution has actually been collected or accounted for under subsection (3).

HRS § 706–644 has since been amended so that it now reads, in pertinent part, as follows:

**Consequences of nonpayment; imprisonment for contumacious nonpayment; summary collection.** (1) When a defendant is sentenced pursuant to section 706–605, granted a conditional discharge pursuant to section 712–1255, or granted a deferred plea pursuant to chapter 853, and the defendant is ordered to pay a fine or restitution, whether as an independent order, as part of a judgment and sentence, or as a condition of probation or deferred plea, and the defendant defaults in the payment thereof or of any installment, the court, upon the motion of the prosecuting attorney or upon its own motion, may require the defendant to show cause why the defendant's default should not be treated as contumacious and may issue a summons or a warrant of arrest for the defendant's appearance. Unless the defendant shows that the defendant's default was not attributable to an intentional refusal to obey the order of the court, or

5 (1995).[7] In contrast, a defendant's failure to a failure on the defendant's part to make a good faith effort to obtain the funds required for the payment, the court shall find that the defendant's default was contumacious and may order the defendant committed until the fine, restitution,or a specified part thereof is paid.
* * *

(3) The term of imprisonment for nonpayment of fine or restitution shall be specified in the order of commitment, and shall not exceed one day for each $25 of the fine, thirty days if the fine was imposed upon conviction of a violation or a petty misdemeanor, or one year in any other case, whichever is the shorter period. A person committed for nonpayment of a fine shall be given credit toward payment of the fine for each day of imprisonment, at the rate of $25 per day.

(4) If it appears that the defendant's default in the payment of a fine or restitution is not contumacious, the court may make an order allowing the defendant additional time for payment, reducing the amount of each installment, or revoking the fine or the unpaid portion thereof in whole or in part, or converting the unpaid portion of the fine to community service. A defendant shall not be discharged from an order to pay restitution until the full amount of the restitution has actually been collected or accounted for.

(5) Unless discharged by payment or, in the case of a fine, service of imprisonment pursuant to subsection (3), an order to pay a fine or restitution, whether as an independent order, as a part of a judgment and sentence, or as a condition of probation or deferred plea pursuant to chapter 853, may be collected in the same manner as a judgment in a civil action. The State or the victim named in the order may collect the restitution, including costs, interest, and attorney's fees, pursuant to section 706–646. The State may collect the fine, including costs, interest, and attorney's fees pursuant to section 706–647.

(6) Attorney's fees, costs, and interest shall not be deemed part of the penalty, and no person shall be imprisoned under this section in default of payment of attorney's fees, costs, and interest.

HRS § 706–644 (Supp.1998).

7. In *State v. Yamamoto*, 79 Hawai'i 511, 904 P.2d 525 (1995), our supreme court held that a sentencing court abused its discretion by revoking a defendant's probation for failing to pay the entire amount of court-ordered restitution by the end of the defendant's five-year probationary period. 79 Hawai'i at 515–16, 904 P.2d at 529–30. The defendant in *Yamamoto* was convicted of embezzlement and was sentenced to (1) pay $118,000.00 in restitution and (2) serve a five-year term of probation. *Id.* at 513, 904 P.2d at 527. As a special condition of probation, the sentencing court ordered the defendant to pay restitution at a rate of $50.00 per month. *Id.* at 513–14, 904 P.2d at 527–28. Notwithstanding the defendant's full compliance with his restitu-

to comply with an order to pay restitution imposed as a condition of probation is enforceable through the procedure for revoking or modifying probation set forth in HRS § 706–625.[8] *Id.* at 515, 904 P.2d at 529. "Accordingly, if a defendant fulfills all conditions of his or her probation, a sentencing court may not later revoke the defendant's probation for failing to comply with those conditions." *Id.*

## B.

■ In this case, the record reveals that Defendant was not sentenced to pay restitution as part of the judgment. Instead, Defendant was sentenced solely to serve a term of probation and was required to pay restitution as a condition of probation "at a rate of at least $25.00 per month, commencing January 1, 1993, with future modifications in the . . . payment schedule, as may be dictated by changes in employment or other pertinent personal circumstances[.]"

Pursuant to HRS § 706–625(3) (Supp. 1998), a defendant's probation may be revoked "if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order[.]" In such event, the court revoking the defendant's probation "may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted." HRS § 706–625(5) (Supp.1998). In this case, however, it is undisputed that Defendant paid all the monthly restitution amounts imposed as a condition of her probation sentence. No grounds to revoke Defendant's probation appear in the record, and even the circuit court acknowledged that Defendant's term of probation had expired. Pursuant to HRS § 706–630 (1993),[9] therefore, Defendant

tion payment schedule of $50.00 per month, the sentencing court revoked the defendant's probation because the defendant had failed to pay the entire $118,000.00 in restitution by the end of his five-year probation period. *Id.* at 514, 904 P.2d at 528.

In concluding that the sentencing court had abused its discretion, the supreme court highlighted a critical distinction which the sentencing court had overlooked:

> In revoking Yamamoto's probation, *the sentencing court in the instant case erroneously assumed that the order to pay $118,000.00 in restitution was a condition of his probation.* In actuality, *the restitution order was an authorized free-standing sanction imposed in combination with Yamamoto's sentence of probation.*

*Id.* at 515, 904 P.2d at 529 (emphases added).

8. At the time Defendant was convicted and sentenced, HRS § 706–625 (1993) provided as follows:

> **Revocation, modification of probation conditions.** (a) The court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation, reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706–627.
>
> (b) The prosecuting attorney, the defendant's probation officer, and the defendant shall be notified by the movant in writing of the time, place, and date of any such hearing, and of the grounds upon which action under this section is proposed. The prosecuting attorney, the defendant's probation officer, and the defendant may appear in the hearing to oppose or

support the application, and may submit evidence for the court's consideration. The defendant shall have the right to be represented by counsel. For purposes of this section the court shall not be bound by the Hawaii [Hawai'i] Rules of Evidence, except for the rules pertaining to privileges.

> (c) The court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony. The court may revoke the suspension of sentence or probation if the defendant has been convicted of another crime other than a felony.
>
> (d) The court may modify the requirements imposed on the defendant or impose further requirements, if it finds that such action will assist the defendant in leading a law-abiding life.
>
> (e) When the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted.
>
> (f) As used in this section, "conviction" means that a judgment has been pronounced upon the verdict.

HRS § 706–625 was amended nonsubstantively in 1994 to replace the alphabets that are contained in the parentheses that precede each subsection of the statute with numbers. That is, (a), (b), (c), (d), (e), and (f) became (1), (2), (3), (4), (5), and (6), respectively.

9. At the time Defendant was convicted and sentenced, HRS § 706–630 (1993) provided:

> **Discharge of defendant.** Upon the termination of the period of probation . . ., the defendant shall be relieved of any obligations

should have been relieved of any obligations imposed by the judgment sentencing her to probation.

## C.

The circuit court nevertheless entered an order requiring Defendant to pay the balance of restitution owed to Bank of Hawaii, stating that "this restitution order is a free-standing order remaining in full force and effect beyond the termination of [Defendant's] term of probation[.]" The circuit court also entered a civil judgment in favor of Bank of Hawaii and against Defendant for the balance of the restitution owed. We conclude, for the following reasons, that the circuit court was wrong to do so.

■ First, pursuant to HRS § 706–605(1)(d), a court can sentence a defendant to pay restitution only "in an amount the defendant can afford to pay[.]" The circuit court did not make any finding that Defendant could afford to pay the balance of the restitution amount owed to Bank of Hawaii, and the Hawai'i Supreme Court has stated that a restitution order that fails to make such a finding is "illegally imposed." *State v. Gaylord*, 78 Hawai'i at 155, 890 P.2d at 1195.

■ Second, the Free–Standing Restitution Order was entered in violation of Defendant's due process rights because no notice was ever provided to Defendant that her original sentence might be modified at the hearing on the probation officer's Motion to Revoke Restitution. *See* U.S. Const. amendments V and XIV[10]; Haw. Const. art. I, § 5.[11]

■ Finally, the circuit court, at the time of the December 9, 1997 order, did not have the authority to enter a civil judgment against Defendant in the amount of the outstanding restitution owed to Bank of Hawaii. Pursuant to Act 269, 1998 Haw. Sess. Laws 911, HRS § 706–644 was amended to allow victims of crime to enforce a criminal restitution order in the same manner as a civil judgment. Specifically, subsection (5) of HRS § 706–644 now provides:

(5) Unless discharged by payment or, in the case of a fine, service of imprisonment pursuant to subsection (3), an order to pay a fine or restitution, whether as an independent order, as a part of a judgment and sentence, or as a condition of probation or deferred plea pursuant to chapter 853, may be collected in the same manner as a judgment in a civil action. The State or the victim named in the order may collect the restitution, including costs, interest, and attorney's fees, pursuant to section 706–646. The State may collect the fine, including costs, interest, and attorney's fees pursuant to section 706–647.

The foregoing amendment makes it plain that restitution orders, whether they be independent or imposed as conditions of probation, may be collected in the same manner as a judgment in a civil action. *See* Conf. Comm. Rep. No. 89, in 1998 Senate Journal,

---

imposed by the order of the court and shall have satisfied the disposition of the court.
The Commentary on the foregoing statute states:
   This section provides that the court may discharge the defendant prior to the termination of the period of ... probation and that, if the defendant is not so discharged, no formal discharge is required upon termination of the statutory period of ... probation. Upon termination of the statutory period, the defendant is relieved of any further obligation by operation of law. This provision is a continuation of prior Hawaii [Hawai'i] law.
HRS § 706–630 was subsequently amended in 1998 so that it now reads:
   **Discharge of defendant.** Upon the termination of the period of the probation or the earlier discharge of the defendant, the defendant shall be relieved of any obligations imposed by the order of the court and shall have

satisfied the disposition of the court, except as to any action under this chapter to collect unpaid fines, restitution, attorney's fees, costs, or interest.
HRS § 706–630 (Supp.1998).

**10.** The Fifth Amendment of the United States Constitution provides, in relevant part, that no person shall "be deprived of life, liberty, or property, without due process of law[.]" The foregoing amendment was made applicable to the various states by the Fourteenth Amendment of the United States Constitution, which states: "[N]or shall any [s]tate deprive any person of life, liberty, or property, without due process of law[.]"

**11.** Article I, § 5 of the Hawai'i Constitution provides, in pertinent part, that "[n]o person shall be deprived of life, liberty or property without due process of law[.]"

at 780 ("Your Committee on Conference has amended this bill by . . . [c]larifying that the order may be an independent order, part of a judgment and sentence, or a condition of probation or deferred plea[.]"). The legislative history of the bill reflects the intent to give "greater flexibility to victims in obtaining compensation for their losses by allowing them to enforce the criminal restitution order as a civil judgment and use all of the attendant civil collection remedies." Sen. Stand. Comm. Rep. No. 3008, in 1998 Senate Journal, at 1224; *see also* Conf. Comm. Rep. No. 89, in 1998 Senate Journal, at 780; Sen. Stand. Comm. Rep. No. 2921, in 1998 Senate Journal, at 1190–91; Hse. Stand. Comm. Rep. No. 683–98, in 1998 House Journal, at 1305–06. The state legislature expressly provided, however, that the foregoing amendment to HRS § 706–644 "does not affect rights and duties that matured, penalties that were incurred, and proceedings that were begun, before its effective date[: July 20, 1998]." Act 269, §§ 7 and 9, 1998 Haw. Sess. Laws 911, 914. Accordingly, HRS § 706–644(5), as amended in 1998, does not apply to this case because the proceedings at issue began on September 15, 1997. Moreover,

the language in HRS § 706–644(5) (Supp. 1998) does not grant the sentencing court explicit authority to enter a civil judgment against a defendant. Instead, HRS § 706–644(5), as amended, empowers the victim to enforce a criminal restitution order in a civil court as if the restitution order were a civil judgment.

## CONCLUSION

Based on the foregoing discussion, we vacate the December 9, 1997 Order and remand this case to the circuit court with instructions that the court enter an order granting the Motion to Revoke Restitution filed on August 26, 1997.

In light of our disposition of this case, we find it unnecessary to address the double jeopardy issue raised by Defendant.