44 P.3d 288

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Laurette K. KAI, Defendant–Appellant.**

**No. 23448.**

Intermediate Court of Appeals of Hawai'i.

March 18, 2002.

Richard B. Berman, on the briefs, for defendant-appellant.

Simone C. Polak, Deputy Prosecuting Attorney, County of Maui, on the briefs, for plaintiff-appellee.

BURNS, C.J., LIM and FOLEY, JJ.

Opinion of the Court by FOLEY, J.

Defendant–Appellant Laurette K. Kai (Kai) appeals from the Order Granting Motion for a Free Standing Order of Restitution [1] (Restitution Order) filed in the Circuit Court of the Second Circuit on May 4, 2000.[2] On appeal, Kai contends that (1) no authority existed under the Hawai'i Penal Code (Penal Code) for the circuit court to enter the Restitution Order, (2) the Restitution Order impermissibly extended Kai's term of probation, and (3) the Restitution Order violated Kai's right against double jeopardy. We hold that the circuit court had no authority to issue the Restitution Order.

**I.**

On September 5, 1989, Kai was charged by indictment in the circuit court with the offense of Theft in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 708–830.5 (Supp.1986).[3] Kai was arrested on October 4, 1989, and on January 22, 1990, she pled no contest to the charge. Judgment (Judgment) was entered on March 28, 1990. Kai was sentenced to five years of probation with special conditions, including a requirement that she make restitution in the amount of $20,708.00, payable in installments of not less than $75.00 per month.

On February 21, 1995, the State's motion for an order to show cause was filed. An affidavit dated February 9, 1995, of probation officer LeAnn McMillan (McMillan) was submitted in support of the motion. McMillan's affidavit stated, in part, that "[Kai] failed to make regular monthly payments of $75.00 per month. As of February 7, 1995, [Kai's]

---

1. A "free standing order of restitution" is "an order of restitution or reparation ... available as a free-standing sanction, to be imposed alone or in combination with other sanctions." *State v. Gaylord,* 78 Hawai'i 127, 154, 890 P.2d 1167, 1194 (1995) (internal quotation marks omitted).

2. The Honorable Shackley F. Raffetto presided.

3. At the time Kai committed the theft, HRS § 708–830.5 read as follows:

   **§ 708–830.5  Theft in the first degree.**  (1) A person commits the offense of theft in the first degree if the person commits theft of property, the value of which exceeds $20,000.
   (2) Theft in the first degree is a class B felony.

outstanding restitution balance was $19,658.00. [Kai's] last payment was made on June 16, 1993 in the amount of $150.00." On February 17, 1995, the circuit court signed an Order to Show Cause (which was filed as part of the State's motion) why Kai's probation should not be revoked for her failure to comply with her conditions of probation.

On May 1, 1995, Kai filed a Motion to Modify Terms and Conditions of Probation, in which she asked the circuit court to reduce her restitution to the amount already paid and to allow her period of probation to run without extending its term.

An Order Revoking Probation and Resentencing Defendant was filed on May 16, 1995 (1995 Resentencing Order). Kai's probation was revoked and she was resentenced to five years of probation with the following relevant special conditions:

B. You must make restitution in the amount of $19,658.00, said amount payable in installments of not less than $75.00 a month to commence in May, 1995. Starting with June 1, 1995, each installment is to be paid on or before the first day of each month. Any payment which is ten (10) or more days late will be considered a violation of your probation;

C. You are to arrange with your bank or employer for the automatic deduction of your monthly restitution installments from your paychecks, with the assistance of your probation officer, who is to help determine if an automatic deduction can be done and help arrange it;

D. You must sign a promissory note to the complainant for the total amount

of restitution due, $19,658.00, within two (2) weeks from May 11, 1995;

E. You must obtain gainful employment and maintain this throughout the period of probation;

F. You must be restricted to employment only to those jobs where you do not have any kind of trust relationship of money or funding for the period of your probation[.]

On April 4, 2000, the State moved for a free standing order of restitution in the amount of $15,233.00. A letter from the Adult Probation Division (attached to the motion) stated that Kai had paid $75.00 per month in restitution since the 1995 Resentencing Order and Kai was willing to continue payments beyond the probation expiration date. On April 25, 2000, Kai filed a memorandum in opposition, in which she argued that the circuit court had no authority to issue a free standing order of restitution because she had already been sentenced and was not in violation of her conditions of probation stated in the 1995 Resentencing Order.

Following a May 2, 2000, hearing, the circuit court granted the State's motion, and the Restitution Order was filed on May 4, 2000. The Restitution Order required Kai to pay the amount of $15,233.00 at a rate of at least $75.00 per month until paid in full. Kai filed a notice of appeal of the Restitution Order on May 17, 2000.

## II.

Under the special probation conditions of the 1990 Judgment, Kai was sentenced to pay restitution pursuant to HRS § 706–605(1) (Supp.1986)[4] and § 706–624(2)(e) (Supp.1986).[5] The "Terms and Conditions of Probation" portion of the Judgment stated:

(d) To make restitution in an amount the defendant can afford to pay; provided that if the court orders, in addition to restitution, payment of a fine in accordance with paragraph (b), the payment of restitution shall have priority over the payment of the fine[.]

---

4. HRS § 706–605(1), in effect at the time Kai committed the theft, provided in relevant part:

§ 706–605 Authorized disposition of convicted defendants. (1) Except as provided in parts II and IV of this chapter and subsection (2) of this section and subject to the applicable provisions of this Code, the court may sentence a convicted defendant to one or more of the following dispositions:

(a) To be placed on probation as authorized by part II of this chapter;

. . . .

5. HRS § 706–624(2)(e), in effect in at the time Kai committed the theft, provided:

§ 706–624 Conditions of probation.

. . . .

IT IS THE ORDER OF THE COURT THAT DURING YOUR TERM OF PRO-BATION, YOU SHALL COMPLY IN ALL RESPECTS WITH THE FOLLOW-ING TERMS AND CONDITIONS:

. . . .

7. Your further special conditions of pro-bation are as follows[:]

. . . .

C. You must make restitution in the amount of $20,708.00; said amount payable in installments of not less than $75.00 a month to commence within THIRTY (30) days of obtaining employment.

(2) Discretionary conditions. The court may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 706-606 and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 706-606(2), that the defendant:

. . . .

(e) Make restitution as specified in section 706-605(1)(d)[.]

6. The purpose of this bill is to effect the first complete reorganization of the criminal law of the State of Hawaii by a redefinition of criminal offenses, elimination of inconsistencies, modern-ization of language, logical rearrangement of the criminal provisions, and amendment of the sub-stantive criminal law.

House Conf. Comm. Rep. No. 1, in 1972 House Journal, at 1035.

7. HRS § 706-624 (Special Pamphlet) provided, in relevant part:

**§ 706-624 Conditions of suspension of sentence or probation.** (1) When the court suspends the imposition of sentence on a per-son who has been convicted of a crime or sentences him to be placed on probation, it shall attach such reasonable conditions, autho-rized by this section, as it deems necessary to insure that he will lead a law-abiding life or likely to assist him to do so.

(2) The court, as a condition of its order, may require the defendant:

. . . .

(h) To make restitution of the fruits of his crimes or to make reparation, in an amount he can afford to pay, for the loss or damage caused thereby[.]

8. HRS § 706-605 (Special Pamphlet) provided, in relevant part:

**§ 706-605 Authorized disposition of con-victed defendants.**

Restitution was a condition of Kai's proba-tion pursuant to HRS § 706-624(2)(e).

Both §§ 706-605 and 706-624 were enact-ed in 1972 as part of the Penal Code.[6] Hawaii Revised Statutes § 706-624 (Special Pam-phlet, Title 37 Hawaii Penal Code, 1973 as amended through 1975)[7] authorized restitu-tion where the court either suspended a sen-tence or imposed probation. In 1975, the legislature added a restitution provision to § 706-605 (Special Pamphlet, Title 37 Hawaii Penal Code, 1973 as amended through 1975).[8]

In 1998, the legislature enacted Act 269, amending HRS § 706-644,[9] to provide that a

(1) Except as provided in section 706-606 and subject to the applicable provisions of this Code, the court may suspend the imposition of sentence on a person who has been convicted of a crime, may order him to be committed in lieu of sentence in accordance with section 706-607, or may sentence him as follows:
(a) To be placed on probation as authorized by part II of this chapter; or
(b) To pay a fine authorized by part III of this chapter; or
(c) To be imprisoned for a term authorized by part IV of this chapter; or
(d) To pay a fine and to probation or to pay a fine and to imprisonment, but not to pro-bation and imprisonment, except as autho-rized by part II of this chapter; or
(e) To make restitution or reparation to the victim or victims of his crime in an amount he can afford to pay, for loss or damage caused thereby in addition to paragraph (a), (b), (c), or (d) above.

The Supplemental Commentary to § 706-605 (Special Pamphlet) expanded on the addition of subsection (e) above to the section:

Act 89, Session Laws 1975, amended this section by adding (1)(e), empowering the court to order the convicted person to make restitu-tion to the victim of the crime. The purpose of this change was to repay the victim for his loss and develop in the convicted person a degree of self-respect and pride in knowing that he or she has righted the wrong committed.

(Internal quotation marks and ellipsis omitted.)

9. HRS § 706-644, as amended in 1998, provided in relevant part:

**§ 706-644 Consequences of nonpayment; imprisonment for contumacious nonpayment; summary collection.**

. . . .

(4) If it appears that the defendant's default in the payment of a fine or restitution is not contumacious, the court may make an order allowing the defendant additional time for pay-ment, reducing the amount of each install-

defendant would not be discharged from an order to pay restitution until the restitution was paid in full, and to allow for collection of restitution in the same manner as a civil judgment. Additionally, the legislature, in 1998, enacted HRS § 706–646 [10] and § 706–647,[11] to enforce § 706–644 when the restitution is imposed either as an independent order under § 706–605 or as a condition of probation under § 706–624.

By Act 269, the legislature also amended HRS § 706–630 as follows:

§ 706–630 **Discharge of defendant.** Upon the termination of the period of *the* probation or the earlier discharge of the defendant, the defendant shall be relieved of any obligations imposed by the order of the court and shall have satisfied the disposition of the court[.], <u>except as to any action under this chapter to collect unpaid</u> <u>fines, restitution, attorney's fees, costs, or interest.</u>

1998 Haw. Sess. L. Act 269, § 5 at 912 (brackets and underlining in original; new statutory material underlined; and footnote omitted and footnote correction reflected above).

Act 269 took effect upon its approval on July 20, 1998, but it did "not affect rights and duties that matured, penalties that were incurred, and proceedings that were begun, before its effective date." 1998 Haw. Sess. L. Act 269, § 7 at 914. *See also* HRS § 1–3 (1993) ("Laws not retrospective. No law has any retrospective operation, unless otherwise expressed or obviously intended.")

At the time Kai was sentenced to probation in 1990 and 1995, HRS § 706–630 (1986) expressly provided that upon termination of probation, Kai would be relieved of obligations of probation, including restitution.

---

ment, or revoking the fine or the unpaid portion thereof in whole or in part, or converting the unpaid portion of the fine to community service. A defendant shall not be discharged from an order to pay restitution until the full amount of the restitution has actually been collected or accounted for.

(5) Unless discharged by payment or, in the case of a fine, service of imprisonment pursuant to subsection (3), an order to pay a fine or restitution, whether as an independent order, as a part of a judgment and sentence, or as a condition of probation or deferred plea pursuant to chapter 853, may be collected in the same manner as a judgment in a civil action. The State or the victim named in the order may collect the restitution, including costs, interest, and attorney's fees, pursuant to section 706–646. The State may collect the fine, including costs, interest, and attorney's fees pursuant to section 706–647.

Section 706–644 was amended in 2000 by adding that the nonpayment of any fees, in addition to the nonpayment of any court-ordered fine or restitution, would be subject to the penalties and consequences imposed under § 706–644.

10. HRS 706–646, as amended in 1998, provided in relevant part:

§ 706–646 **Victim restitution.**

. . . .

(2) The court may order the defendant to make restitution for losses suffered by the victim or victims as a result of the defendant's offense. The court may order restitution to be paid to the crime victim compensation commission in the event that the victim has been given an award for compensation under chapter 351.

(3) Restitution shall be a dollar amount that is sufficient to reimburse any victim fully for losses including but not limited to:
(a) Full value of stolen or damaged property, as determined by replacement costs of like property, or the actual or estimated cost of repair, if repair is possible;
(b) Medical expenses; and
(c) Funeral and burial expenses incurred as a result of the crime.
(4) The restitution ordered shall not affect the right of a victim to recover under section 351–33 or in any manner provided by law; provided that any amount of restitution actually recovered by the victim under this section shall be deducted from any award under section 351–33.

(Brackets omitted.)

11. HRS § 706–647, as amended in 1998, provided in relevant part:

§ 706–647 **Civil enforcement.** (1) A certified or exemplified copy of an order of any court of this State for payment of a fine or restitution pursuant to section 706–605 may be filed in the office of the clerk of an appropriate court of this State as a special proceeding. The order, whether as an independent order, as part of a judgment and sentence, or as a condition of probation or deferred plea, shall be enforceable in the same manner as a civil judgment.

In 2000, section (1) was amended by adding the following at the end of the first sentence after the word "proceeding": "without the assessment of a filing fee or surcharge."

*State v. Johnson,* 92 Hawai'i 36, 42–43, 986 P.2d 987, 993–94 (App.1999). Act 269 was enacted after Kai was sentenced and by its own express terms did not apply retroactively to extend Kai's obligation to pay restitution beyond her period of probation. Additionally, it did not empower the circuit court to resentence Kai to a free standing restitution order. Act 269 by its own express language did not affect penalties that were incurred before the Act's effective date (July 20, 1998). Kai had incurred her penalties in 1990 and 1995.

Since Kai had already been sentenced by the circuit court and was not in violation of her conditions of probation stated in the 1995 Resentencing Order, the circuit court had no authority to resentence Kai on May 4, 2000, by its Restitution Order. In *Johnson,* this court stated that "HRS § 706–600 (1993) provides that 'no sentence shall be imposed otherwise than in accordance with this chapter 706.'" 92 Hawai'i at 39, 986 P.2d at 990 (brackets omitted).

## III.

The Order Granting Motion for a Free Standing Order of Restitution filed in the Circuit Court of the Second Circuit on May 4, 2000, is reversed.