300 P.3d 1022

**STATE of Hawai'i, Respondent/Plaintiff–Appellee,**

v.

**Lisa Ann PALI, Petitioner/Defendant–Appellant.**

No. SCWC-11-0000451.

Supreme Court of Hawai'i.

May 21, 2013.

---

Summer M.M. Kupau, for petitioner.

Artemio C. Baxa, for respondent.

ACOBA, McKENNA, and POLLACK JJ.,
with RECKTENWALD, C.J., concurring
And dissenting, with whom NAKAYAMA, J.,
joins.

Opinion of the Court by ACOBA, J.

We hold that for the purposes of expungement of a drug conviction, Hawaiʻi Revised Statutes (HRS) § 706–622.5(4) (Supp.2004),[1] the requirement that a defendant sentenced to probation under HRS § 706–622.5(1)[2] has

---

1. HRS § 706–622.5(4) provides in relevant part:

(4) The court, upon written application from a person sentenced under this part, shall issue a court order to expunge the record of conviction for that particular offense; provided that a person has successfully completed the substance abuse treatment program and complied with other terms and conditions of probation. A person sentenced to probation under this section shall be eligible for one time only for expungement under this subsection.
(Emphases added.)

2. HRS § 706–622.5(1) states:

(1) Notwithstanding section 706–620(3), a person convicted for the first or second time for any offense under section 329–43.5 involving the possession or use of drug paraphernalia or any felony offense under part IV of chapter 712 involving the possession or use of any dangerous drug, detrimental drug, harmful drug, intoxicating compound, marijuana, or marijuana concentrate, as defined in section 712–1240, but not including any offense under part IV of chapter 712 involving the distribution or manufacture of any such drugs or substances and not including any methamphetamine trafficking offenses under sections 712–1240.7 and 712–1240.8, is eligible to be sentenced to probation under subsection (2) if the person meets the following criteria:

(a) The court has determined that the person is nonviolent after reviewing the person's criminal history, the factual circumstances of the offense for which the person is being sentenced, and any other relevant information;

"complied with other terms and conditions" is satisfied if the defendant has completed his or her probationary term and has been discharged from probation. Because the Circuit Court of the Second Circuit (the court)[3] held to the contrary, we vacate the July 26, 2012 judgment by the Intermediate Court of Appeals (ICA)[4] affirming the court's May 11, 2011 order denying the January 31, 2011 Motion for an Order of Expungement (Motion) filed by Petitioner/Defendant–Appellant Lisa Ann Pali (Petitioner), and also vacate the aforesaid order.

## I.

On December 29, 2005, Petitioner was sentenced to a five-year term of probation for the offenses of Promoting a Dangerous Drug in the Third Degree, HRS § 712–1243(1) (1993)[5] and Prohibited Acts Related to Drug Paraphernalia, HRS § 329–43.5(a) (1993).[6] The probationary sentence was granted to Petitioner as a "first time drug offender" pursuant to HRS § 706–622.5. The purpose of HRS § 706–622.5 is "to promote treatment of nonviolent substance abuse offenders, rather than [imposing] incarceration, as being in the best interests of the individual and the community at large[,]" in order to reduce recidivism. Conf. Comm. Rep. No. 96–02, in 2002 Senate Journal, at 986, in 2002 House Journal, at 1796. The Judgment, Conviction and Probation Sentence, filed by the court on December 29, 2005, included the following "Terms and Conditions of Probation":

> (b) The person has been assessed by a certified substance abuse counselor to be in need of substance abuse treatment due to dependency or abuse under the applicable Diagnostic and Statistical Manual and Addiction Severity Index; and
> (c) Except for those persons directed to substance abuse treatment under the supervision of the drug court, the person presents a proposal to receive substance abuse treatment in accordance with the treatment plan prepared by a certified substance abuse counselor through a substance abuse treatment program that includes an identified source of payment for the treatment program.
>
> (Emphases added.)

3. The Honorable Shackley F. Raffetto presided.

4. The Summary Disposition Order (SDO) was filed on June 29, 2012 by Chief Judge Craig H.

1. You must not commit another federal or state crime during the term of probation;

. . . .

5. You must notify a probation officer promptly if arrested or questioned by a law enforcement officer[.]

. . . .

Also, the Judgment, Conviction and Probation Sentence contained a number of "Special Terms and Conditions," including that Petitioner "must not possess, use, or consume any alcohol, unprescribed or illegal drug nor possess any drug-related paraphernalia."

On January 24, 2011, after the conclusion of Petitioner's probation period, the Adult Client Services Branch (probation department) filed a Certificate of Discharge (Certificate), providing in relevant part as follows:

> Wherefore, having completed the period of probation on December 28, 2010, [Petitioner] shall be relieved of any obligations imposed by the order of the court and shall have satisfied the disposition of the court except as to any action to collect unpaid fines, restitution, attorney's fees, costs, or interest (HRS [§ ] 706–630); thereby, is restored to such rights deprived pursuant to Section 831–2 of the [HRS].

(Emphases added) (original emphasis omitted). On January 31, 2011, Petitioner filed her Motion. On February 8, 2011, Respondent/Plaintiff–Appellee State of Hawai'i (Re-

Nakamura and Associate Judges Daniel R. Foley and Alexa D.M. Fujise.

5. HRS § 712–1243(1) states that, "[a] person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount."

6. HRS § 329–43.5(a) states:
 It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plan, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706–660 and, if appropriate as provided in 706–641, fined pursuant to section 706–640.

spondent) filed its Statement of Opposition to the Motion (Statement of Opposition). The Statement of Opposition included a discussion of Petitioner's criminal history during the probationary period and stated that Petitioner was convicted of Theft in the Fourth Degree on November 8, 2006, Operating a Vehicle Under the Influence of an Intoxicant (OVUII) on March 7, 2007, Criminal Contempt of Court on May 3, 2007, and Driving Without a License on May 29, 2008 and again on December 15, 2009.

The Statement of Opposition also noted that Petitioner had not presented documentation to aid the court in assessing Petitioner's completion of a substance abuse treatment program. On February 9, 2011, Petitioner filed an Addendum to her Motion (Addendum). This Addendum provided certificates indicating Petitioner's completion of several substance abuse treatment programs, but did not address Petitioner's criminal history.

The court held an initial hearing on February 10, 2011 with respect to Petitioner's Motion. During the hearing, the court raised the issue of Petitioner's prior convictions, stating, "I'm just telling you right now it doesn't look like [Petitioner] deserves an expungement because of these convictions.... I don't know if she told probation—even if she told them." Following this statement, the court asked defense counsel if she wanted more time, apparently to check with Petitioner's probation officer and to prepare a response to the judge's remarks regarding the prior convictions. She answered in the affirmative and the judge granted a continuance.

On April 18, 2011, Petitioner filed a "Memo in Support of Motion for An Order of Expungement Pursuant to HRS § 706–622.5(4)" (Memo in Support). The Memo in Support stated, *inter alia*, that Petitioner had successfully completed three substance abuse programs, complied with the other terms and conditions of probation, and her "conviction[ ] should be expunged."

[P]er her Probation Officer [ ], [Petitioner] has in fact complied with the "other terms and conditions" of her probation. This despite [Petitioner's] conviction for Theft 4

(where she was considered an accomplice to her daughter because they came into the store together), her [OVUII] (based on a relapse after finishing [a drug abuse treatment program] at Malama in 2006) when she was starting Family Court Drug Court after the [OVUII] as well as participating in The Shelter's Relapse Prevention Program after the [OVUII], and because she was getting Dual Diagnosis treatment based on Mental Health and Drug addiction issues, [Petitioner's probation officer] still believes [Petitioner] has successfully complied with the other terms and conditions of her probation and thus discharged [Petitioner] from Probation, with [Petitioner's probation officer]'s supervisor's approval.

[Petitioner's probation officer] is proud of [Petitioner] and related that [Petitioner] continues to attend AA/NA and is a mentor for other Family Court Drug Court clients. [Petitioner's probation officer] also relates that while on probation to date, [Petitioner] is trying to adopt her granddaughter and cannot do so if she has a felony conviction.

As the law under HRS § 706–622.5 speaks to complying with "other terms and conditions" of probation and as in her probation officer's opinion and recommendation that [Petitioner] has complied with the other terms and conditions to her satisfaction, [Petitioner's] felony convictions should be expunged at this time.

(Emphases added.)

The court continued with the hearing on Petitioner's Motion on April 21, 2011. On that date, Petitioner's counsel stated, "I don't have anything further to add to my [Memo in Support]." The court proceeded to deny the Motion:

THE COURT: Well, after reviewing this matter, it is quite clear that [Petitioner] was convicted of one, two, three, four crimes including driving under the influence of an intoxicant and twice driving without a license while she was on probation.

[HRS § 706–622.5(4) ] requires that she have completed her substance abuse treatment and complied with other terms and

conditions of her probation, and not committing another crime is clearly a condition of the probation. So it's the [c]ourt's view that she hasn't qualified under the statute for the relief requested. So I'm going to deny the motion.

(Emphases added.) The court thus concluded that Petitioner did not qualify for expungement of her felony convictions because, in committing other crimes during her probationary period, she had violated a term of her probation.

## II.

### A.

Pertinent to the Application, Petitioner argued in her Opening Brief to the ICA that the court (1) erred in denying her Motion because its "hyper-technical" interpretation of HRS § 706–622.5(4) disregarded legislative intent and HRS § 706–630 (Supp.1998),[7] a statute that provides the procedure for terminating a defendant's probation obligations; (2) violated her due process rights because it decided that she was in violation of a term and condition of her probation after she had been discharged from probation; (3) lacked jurisdiction to modify her original probation sentence after her discharge, which in effect, it did when the court concluded that Petitioner had violated a term and condition of probation; and (4) incorrectly found that she had been convicted of multiple crimes during her period of probation, because that finding was not supported by substantial evidence.[8]

### B.

In its Answering Brief to the ICA, Respondent did not contest expungement. Rather, Respondent stated (1) that the court had jurisdiction to hear Petitioner's Motion because such a motion can be made before or after the term of probation is completed, and (2) that the court did not err in finding that

Petitioner committed another crime while she was on probation, but (3) agreed with Petitioner that the court erred in denying the Motion, because Petitioner had "satisfied the disposition of the court" upon her discharge from probation. Respondent thus concurred that Petitioner was entitled to expungement of her conviction.

### C.

With respect to Petitioner's first argument, the ICA held that the court's denial of Petitioner's Motion was consistent with the plain language of HRS § 706–622.5(4) requiring that the movant "comply with other terms and conditions of probation," and that HRS § 706–630 is not in conflict with HRS § 706–622.5(4) because HRS § 706–630 only "governs the probationer's future obligations after the probation sentence has been completed," rather than obligations of the court in expungement proceedings. *State v. Pali*, No. CAAP–11–0000451, 127 Hawai'i 414, 2012 WL 2505516, at *1 (App. June 29, 2012) (SDO) (emphasis in original).

In addressing Petitioner's second argument that her due process rights had been violated because she did not have notice that "her original sentence might be modified," the ICA stated that "[Respondent] did not seek revocation of [Petitioner]'s probation, nor did it seek to modify its terms after [Petitioner]'s probation had ended." *Id.* Further, "Petitioner presented no authority for the proposition that [Respondent] must raise any violation of probation for purposes of expungement, in advance of the filing of the motion to expunge." *Id.* (emphasis in original).

The ICA also rejected Petitioner's third argument, stating that the decision of the court under HRS § 706–622.5 "did not convert the expungement subsection into a term of her probation nor make [her probation]

---

7. HRS § 706–630 states:
 **Discharge of defendant.** Upon the termination of the period of the probation or the earlier discharge of the defendant, the defendant shall be relieved of any obligations imposed by the order of the court and shall have satisfied the disposition of the court, except as

to any action under this chapter to collect unpaid fines, restitution, attorney's fees, costs, or interest.
(Emphasis added.)

8. In light of our disposition, we need not decide this question.

subject to revocation or modification procedures[,]" which would have resulted in a jurisdictional defect. *Id.* at *2.

Finally, the ICA undertook a plain error review[9] with regard to the court's finding that Petitioner had been convicted of five offenses during her probationary period. *Id.* The ICA noted that the court's finding was based on prior convictions presented by Respondent, which Petitioner failed to contradict with evidence and effectively admitted during the proceedings.[10] *Id.* Thus, the ICA held that the court had not committed plain error in finding that Petitioner had been convicted of crimes during her probationary period, and affirmed the court's May 11, 2011 order denying Petitioner's Motion. *Id.*

### III.

Petitioner presented three questions in her Application, namely (1) "[w]hether the ICA gravely erred in holding that the [ ] court's denial of [Petitioner]'s motion for expungement of conviction was consistent with the plain language of HRS § 706–622.5(4), where [Petitioner] completed substance abuse treatment and was successfully discharged from probation[;]" (2) "[w]hether the ICA gravely erred in rejecting [Petitioner]'s due process challenge and whether such holding is obviously inconsistent with the ICA decision in *State v. Johnson*, 92 Hawai‘i 36, 986 P.2d 987 (App.1999)[; ]" and (3) "[w]hether the ICA gravely erred in rejecting [Petitioner]'s challenge to the [ ] court's jurisdiction to address probation violations after the probation period had lapsed and whether such holding is obviously inconsistent with the ICA decision in *State v. Asuncion*, 120 Hawai‘i 312, 205 P.3d 577 (App.2009)." On October 8, 2012, Respondent filed a Response to Petitioner's Application (Response).

### IV.

The purpose of Act 161, S.L.H.2002, which enacted HRS § 706–622.5, is "to require first time non-violent drug offenders, ... to be sentenced to undergo and complete drug treatment instead of incarceration." 2002 Haw. Sess. Laws Act 161, § 1 at 571. The 2002 Conference Committee Report declares that the statute was designed to "approach[ ] crime as being the result of addiction that is treatable," and therefore, "to promote treatment of nonviolent substance abuse offenders, rather than incarceration." Conf. Comm. Rep. No. 96–02, in 2002 Senate Journal, at 987, in 2002 House Journal, at 1796. This objective is designed to help the individual avoid the negative effects of incarceration. *See* 2002 Haw. Sess. Laws Act 161, § 1 at 569 ("Without proper treatment, an offender is at risk to continue to be drug dependent and to commit new offenses[.]").

Initially it may be noted that, with respect to HRS § 706–622.5(4), "expungement of record" means "[t]he removal of a conviction (esp. for a first offense) from a person's criminal record." Black's Law Dictionary 662 (9th ed. 2009). HRS § 706–622.5(4) indicates the defendant's record will be expunged only for convictions that fall within the purview of HRS § 706–622.5, specifically drug offenses prescribed by HRS § 706–622.5(1). Thus, the expungement allowed under the statute is limited to those felony drug convictions for which the defendant was sentenced to probation, and will not apply to any other conviction.

It is plain that the expungement provision of HRS § 706–622.5(4) would enable offenders to avoid the lasting negative effects of a criminal record stemming from a felony conviction. For example, Petitioner's Memo in Support alleged that a record of a felony conviction would prevent her from adopting her granddaughter. Generally, a felony conviction imposes substantial disabilities on a defendant. *See, e.g.,* Haw. Const. art. 2, § 2 (noting that a convicted felon cannot vote except upon the person's final discharge); HRS § 378–2.5 (Supp.2011) (indicating that an employer "may inquire about and consider an individual's criminal conviction record concerning hiring, termination, or the terms, conditions, or privileges of employment"

---

9. In light of our disposition, we need not discuss whether the ICA's so called "plain error" review was proper.

10. *See* Petitioner's Memo in Support, quoted in part, *supra.*

without engaging in a discriminatory practice); HRS § 612–4 (Supp.2011) (noting that a convicted felon may not serve on a jury); Haw. Admin. Rules (HAR) § 17–663–82 (stating that felony convictions affect status when an individual or his or her family is applying for public benefits). *See also State v. Nguyen,* 81 Hawaiʻi 279, 288, 916 P.2d 689, 698 (1996) (noting that a criminal conviction can have collateral consequences, including "loss of the right to vote [Haw. Const. art. 2, § 2] or [to] travel abroad [*see, e.g.* 51 C.F.R. § 51.61 (2008)], loss of civil service employment [*see, e.g.,* HRS § 831–3.1 (Supp.2003)], loss of a driver's license [HRS § 286–240 (Supp.2006)], loss of the right to possess firearms [HRS § 134–7(b) (Supp.2006)] or an undesirable discharge from the Armed Services [*see, e.g., Kalista v. Sec'y of Navy,* 560 F.Supp. 608, 614 (D.Colo.1983)]."); David Wolitz, *The Stigma of Conviction: Coram Nobis, Civil Disabilities, and the Right to Clear One's Name,* 2009 B.Y.U.L. Rev. 1277, 1315 (2009) ("The reputational consequences of conviction are already substantial, but the ongoing explosion of information available over the Internet[ ] . . . greatly exacerbates the reputational damage of conviction.").

## V.

In her Application, Petitioner first argues that the ICA erred when it upheld the court's denial of the Motion "because it appeared that [Petitioner] was convicted multiple times for criminal offenses during her probationary period, [and this] was consistent with the plain language of [HRS § 706–622.5(4)]." *Pali,* 2012 WL 2505516, at *1. She maintains that use of the term "shall" in the statute mandates that her Motion be granted, because she had successfully completed drug treatment and her probation term had been satisfied.

In its Response to this court, Respondent acknowledges that it took the same position as Petitioner with respect to statutory interpretation in its Answering Brief to the ICA. As noted *supra,* before the ICA, Respondent

acknowledged that Petitioner had "satisfied the disposition of the court" upon her discharge from probation and was therefore entitled to an expungement of her conviction. However, in its Response to the Application, Respondent contends that HRS § 706–622.5(4) requires that both conditions, the treatment program and the terms and conditions of probation, must be complied with. Further, Respondent reiterates the ICA's statement that "HRS § 706–630 does not address the expungement of the defendant's probation sentence or whether the probationer complied with conditions of probation, but instead governs the probationer's future obligations . . . ." (Quoting *id.*) (Emphasis in original.)

### A.

 It is well-established that the starting point for statutory interpretation is the language of the statute, and where such language is "plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." *Dejetley v. Kahoʻohalahala,* 122 Hawaiʻi 251, 262, 226 P.3d 421, 432 (2010) (quoting *Rees v. Carlisle,* 113 Hawaiʻi 446, 452, 153 P.3d 1131, 1137 (2007)). Petitioner is correct that the word "shall" in the statute is ordinarily used to denote mandatory action.[11] However, the words "provided that" contemplate that the individual meet the two conditions described in the statute, namely, (1) successful completion of the substance abuse treatment and (2) compliance with other terms and conditions of probation. The pivotal question presented in this case is *how* the court is to determine whether the movant has "complied with other terms and conditions of probation." This issue arises because although several convictions occurred during Petitioner's probationary period, probation was not revoked and Petitioner completed her probationary period and was formally discharged.

### B.

 "Complied" in HRS § 706–622.5(4) is not a term expressly defined in the statute,

---

11. *See, e.g., State v. Tierney,* 127 Hawaiʻi 157, 169, 277 P.3d 251, 263 (2012) ("shall" characterized as mandatory language in a statute).

and, thus, this court "may 'resort to legal or other well accepted dictionaries as one way to determine the ordinary meaning of certain terms not statutorily defined.'" *State v. Kikuta*, 125 Hawai'i 78, 96, 253 P.3d 639, 658 (2011) (quoting *State v. Kalama*, 94 Hawai'i 60, 63 n. 6, 8 P.3d 1224, 1227 n. 6 (2000)) (citation omitted) (brackets and internal quotation marks omitted). There are multiple dictionary definitions of "comply." One of the definitions is "to complete, perform what is due[.]" *Merriam Webster's Collegiate Dictionary* 236 (10th ed. 1993) (emphasis added).[12] It is not clear in the context of the statutory provisions governing probation whether the term "complied" in HRS § 706–622.5 is satisfied by the "discharge" from probation, which signifies that the probationer has completed probation and "satisfied the disposition of the court" under HRS § 706–630 and as reflected in the Certificate of Discharge.

Here, criminal violations existed and probation could have been revoked under HRS § 706–625 (Supp.2011), but was not. Instead, the defendant completed her probation period, and was released from all further court obligations under HRS § 706–630 (except incidental matters not relevant here). Plainly, this situation was not contemplated in HRS § 706–622.5(4) with respect to compliance with "other terms and conditions of probation."

▆ Because probation is involved, "compliance," in HRS § 706–622.5(4) should be construed in pari materia with other relevant statutory provisions regarding probation. Statutes on the same subject matter should be construed in pari materia in order to clarify the meaning of a term. *See State v. Kamana'o*, 118 Hawai'i 210, 218, 188 P.3d 724, 732 (2008) ("[L]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another.") (internal quotation marks and citation omitted). HRS § 706–625 [13] concerns violations of probation and vests discretion in the court to decide what constitutes a violation and what remedy should apply. HRS § 706–625(1) indicates that "[a] court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation ..., [or] reduce or enlarge the conditions of a sentence of probation." (Emphases added.) "A court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony." HRS § 706–625(3). A court may revoke the suspension of a sentence or probation if the defendant has been convicted of another crime other than a felony. *Id.* A court may also "modify the requirements imposed on the defendant or impose further requirements." HRS § 706–625(4). Thus, a court has the authority to determine, at any time during a defendant's probation period,

---

12. "Comply" can also mean "to be ceremoniously courteous[,]" or "to conform or adapt ones' actions to another's wishes, to a rule, or to necessity[.]" *Merriam Webster's Collegiate Dictionary* 236.

13. HRS § 706–625 states, in relevant part:
 (1) The court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation except as provided in subsection (7), reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706–627.
 (2) The prosecuting attorney, the defendant's probation officer, and the defendant may appear in the hearing to oppose or support the application, and may submit evidence for the court's consideration.

(3) The court shall revoke probation if the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony. The court may revoke the suspension of sentence or probation if the defendant has been convicted of another crime other than a felony.
(4) The court may modify the requirements imposed on the defendant or impose further requirements, if it finds that such an action will assist the defendant in leading a law-abiding life.
(5) When the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted. (Emphasis added).

whether that defendant is in compliance with the terms and conditions of probation. If a "court revokes probation[,]" it "may impose on the defendant any sentence that might have been imposed originally...." HRS § 706–625(5).

In the instant case, the probation department was charged with the supervision of Petitioner and determined, as indicated in the Certificate issued pursuant to HRS § 706–630, that Petitioner "satisfied the disposition of the court." *See* HRS § 806–73(a) (Supp.2001) ("A probation officer shall keep informed concerning the conduct and condition of the defendant and report thereon to the court, and shall use all suitable methods to aid the defendant and bring about an improvement in the defendant's conduct and condition."). The probation officer or the prosecuting attorney could have timely moved for revocation of probation before the completion of her probationary term, *see* HRS § 706–625(1), but did not. Review of compliance with terms of probation under HRS § 706–625, and enforcement of such terms prior to completion of probation, then, is largely committed to the probation department, the parties, and the court.[14] As is clear in this case, neither the probation department, the parties, nor the court objected to Petitioner's release from the court's probation order, before she was discharged from probation.

### C.

 Petitioner's discharge from probation relieved her of any further obligations to the court. The Certificate confirmed this, and pursuant to HRS § 706–630, it was deemed that Petitioner had "completed the period of probation." Thus, she was no longer subject to modification or revocation orders under HRS § 706–625. Once the probation term is completed, a court no longer has jurisdiction to modify or revoke the de-

fendant's probation. *State v. Viloria,* 70 Haw. 58, 60, 759 P.2d 1376, 1378 (1988). By the time of discharge, Petitioner had already overcome a variety of hurdles, including meeting the eligibility requirements for sentencing under HRS § 706–622.5, completing drug treatment, and finishing her probation period. Thus, pursuant to HRS § 706–630, as confirmed by the discharge certificate, Petitioner had satisfied the "disposition" of the court's probation order, in other words, legally "complied" with the terms and conditions of probation. Accordingly, a court was not authorized after probation discharge to redetermine whether Petitioner should not have "be[en] relieved of any obligations" or failed to "satisf[y] the disposition of the court[.]"[15] HRS § 706–630. Upon completion of the probation term and discharge, then, Petitioner must be deemed to have "complied with the terms and conditions of probation" because she had "satisfied the disposition of the court."

The "disposition of the court[,]" includes the terms of the probation, which would be satisfied at the time of discharge. HRS § 706–630. Having "satisfied the disposition of the court," therefore, a defendant is deemed to have "complied with the terms and conditions of probation." This interpretation is supported by the language of HRS § 706–630 itself, which provides that upon termination of the probation period or discharge, the defendant "shall have satisfied the disposition of the court, <u>except as to any action under this chapter to collect unpaid fines, restitution, attorney's fees, costs, or interest.</u>" *Id.* (emphasis added). These exceptions evince the legislature's intent that all other probation conditions, excepting the monetary terms specifically referenced, are satisfied upon discharge. In *Asuncion,* the ICA employed this interpretation of HRS § 706–630, when it stated that "Asuncion's term of probation ended without any motion

---

**14.** Here, the convictions were not felonies, but instead misdemeanor convictions for fourth degree theft, OVUII, and driving without a license, and apparently were not viewed by the probation department or the prosecutor as necessitating modification or revocation of probation.

**15.** As indicated *supra,* a subsequent determination of non-compliance with probation terms and conditions after discharge would necessarily conflict with HRS § 706–630 and the Certificate. Relatedly, as noted, the ICA had rejected Petitioner's argument that the court's order denying expungement rendered HRS § 706–630 meaningless. *Pali,* 2012 WL 2505516, at *1.

being filed to revoke Asuncion's probation or modify or enlarge the conditions of Asuncion's probation," and therefore, "[p]ursuant to HRS § 706-630, ... Asuncion was deemed to have <u>satisfied his probation sentence</u> and was relieved of any further obligation imposed by the terms of his probation." 120 Hawai'i at 319, 205 P.3d at 585 (emphasis added).

A contrary approach would have an unsettling effect on every probation discharge. Under Respondent's and the ICA's approach, an expungement hearing would resurrect questions of compliance that were required to be presented <u>before</u> and not after discharge. Such issues may arise years after probation discharge inasmuch as no time limits apply to expungement proceedings. Even if time limits did apply, such questions would undermine the past discretion exercised by probation officers, defense attorneys, prosecutors, and judges in allowing probation discharges, and invite conflicting judicial determinations as to past discharges. Reexamination of the probation proceedings, after discharge, for redetermination of compliance with the terms and conditions of probation would result in intractable conflict in the law and in the penal proceedings governing probation. Thus, HRS § 706-622.5(4) cannot be viewed as divorced from HRS § 706-630 or construed in isolation, but must, under accepted statutory canons, be construed with HRS § 706-630.

In sum, were HRS § 706-622.5(4) read to require something other than that the defendant had "satisfied the disposition of the court," an expungement hearing could potentially become a pseudo-probation revocation hearing in which the parties could contest, and the expungement court would determine anew, whether the defendant had met the terms and conditions of his or her probation after discharge had <u>already</u> taken place. Consequently, a subsequent determination of non-compliance in an HRS § 706-622.5(4) ex-

pungement hearing after discharge would necessarily conflict with the procedures set forth in HRS § 706-625 regarding revocation of probation, HRS § 706-630 regarding discharge, and a certificate of discharge.

#### D.

Treating discharge as satisfaction of the terms and conditions of probation is not inconsistent with the apparent impetus behind the rehabilitative approach of HRS § 706-622.5. The House Committee Report with respect to Act 44, which amended HRS § 706-622.5 to its current form, stated that Act 44 "[m]odif[ied] the expungement provision that permits a first-time nonviolent drug offender to have the conviction expunged on a one-time-only basis <u>upon successful completion of substance abuse treatment</u>." H. Stand. Comm. Rep. No. 495-04, in 2004 House Journal, at 1605 (emphasis added). By expressly specifying substance abuse treatment, *see also* HRS § 706-622.5(1)–(4), as a prerequisite for expungement under HRS § 706-622.5(4), the legislature placed emphasis on this factor. In contrast, although probation compliance is included in the statute, the legislative history does not mention the phrase "complied with other terms and conditions of probation." An interpretation of HRS § 706-622.5 that mandates the court to grant expungement upon successful completion of substance abuse treatment and discharge from probation recognizes the primary objectives of the statute, as expressed in the Committee Report.

Under the circumstances of this case and within the framework of the penal code provisions relating to probation, we conclude that, consistent with HRS § 706-625(1), because Petitioner had completed her probation term and thus "satisfied the disposition of the court," as provided by HRS § 706-630, she had, in effect, complied with the terms and conditions of probation for purposes of expungement under HRS § 706-622.5(4).[16]

---

16. Petitioner's second question concerns a potential violation of Petitioner's due process rights resulting from the court's "modification" of her probation terms and conditions when it denied her expungement motion on the basis of her prior convictions. She argues that she was not provided with notice that her original sentence

would be modified at the expungement hearing, Respondent had a statutory burden under HRS § 706-625(3) to prove that her convictions amounted to "inexcusable" noncompliance with a "substantial" term and condition of probation, and she did not have the opportunity to submit evidence with respect to her past convictions.

## VI.

With respect to other issues raised herein, we observe that expungement is not "automatic" pursuant to HRS § 706–622.5, as Petitioner contends, because the court must still determine whether a defendant successfully completed a substance abuse treatment program and whether the defendant completed his or her probation term. If the defendant is discharged from probation, then the defendant has statutorily complied with the terms and conditions of the probation sentence.

As noted previously, Respondent argued that both conditions, the treatment program and the terms and conditions of probation, must be satisfied. However, our interpretation of HRS § 706–622.5(4) does give "legal effect" to the full text, inasmuch as "complied with other terms and conditions" indicates that a defendant may file a motion for expungement after his or her probation period has been completed and he or she has been discharged.

Respondent also contended that the phrase, "[t]he court may require other terms and conditions of probation," in the "first-time drug offender" statute, at HRS § 706–622.5(2), indicates that the court should conduct an independent review of whether the defendant complied with those terms and conditions, following discharge. However, this statutory phrase does not support Respondent's position. HRS § 706–622.5(2) states in its entirety,

> (2) A person eligible under subsection (1) may be sentenced to probation to undergo and complete a substance abuse treatment program if the court determines that the person can benefit from substance abuse treatment and, notwithstanding that the person would be subject to sentencing as a repeat offender under section 706–606.5, the person should not be incarcerated to protect the public. If the person fails to complete the substance abuse

treatment program and the court determines that the person cannot benefit from any other suitable substance abuse treatment program, the person shall be subject to sentencing under the applicable section under this part. As a condition of probation under this subsection, the court may direct the person to undergo and complete substance abuse treatment under the supervision of the drug court if the person has a history of relapse in treatment programs. The court may require other terms and conditions of probation, including requiring that the person contribute to the cost of the substance abuse treatment program, comply with deadlines for entering into the substance abuse treatment program, and reside in a secure drug treatment facility.

(Emphases added.)

Thus, HRS 706–622.5(2) merely describes the options, including drug court, that may be considered by the court in sentencing a first or second time offender to probation, in addition to the requirement of completing a drug treatment program. "[O]ther terms and conditions of probation" may be imposed, as they were imposed in the instant case. HRS § 706–622.5(2). But, as noted *supra,* once probation is completed and the defendant discharged, the defendant "shall be relieved of any obligations imposed by the [probationary] order of the court and shall have satisfied the disposition of the court[,]" HRS § 706–630, and this determination cannot be undermined by a subsequent post-probation hearing on expungement.

Finally, the ICA's construction of HRS § 706–630 as governing only post probation obligations is incorrect insofar as it de-emphasizes the central tenet of the statute. That tenet is that upon discharge, the defendant is deemed to have satisfied the disposition of the court order of probation, and except for incidental obligations, is no longer

As decided herein, Petitioner is not subject to modification or revocation of her probation terms pursuant to HRS § 706–625 after completion of the probation term. Accordingly, during the expungement hearing, the court cannot, in effect, "modify" her probation terms by deciding anew whether compliance with terms and conditions had been met. Therefore, the expungement

proceedings are not subject to the statutory requirements of HRS § 706–625. As a result, Petitioner's due process rights would not be violated, because, as held herein, the court does not apply the burden of proof or procedural requirements set forth in HRS § 706–625 in expungement proceedings.

under any obligation that was "imposed" by the court.[17] HRS § 706–630.

## VII.

Based on the foregoing, we vacate the ICA's July 26, 2012 judgment and the court's May 11, 2011 order denying Petitioner's Motion, and remand the case to the court with instructions to enter an order granting the Motion.

Concurring and Dissenting Opinion by
RECKTENWALD, C.J.,in which
NAKAYAMA, J., joins.

The majority concludes that a defendant has "complied with other terms and conditions of probation" as required for expungement of a drug conviction under Hawai'i Revised Statutes (HRS) § 706–622.5(4) when the defendant has completed his or her probationary term and has been discharged from probation. Majority opinion at 364–65, 300 P.3d at 1023–24. I respectfully dissent from that holding.[1] In my view, whether a defendant has "complied with other terms and conditions of probation" under HRS § 706–622.5(4) is not satisfied by the completion of a probationary term or a discharge from probation, but rather requires a separate evaluation of the defendant's compliance with the actual terms and conditions of probation. Here, defendant Lisa Ann Pali committed multiple crimes during her probationary term in violation of a condition of her

probation. Accordingly, she did not satisfy the requirement under HRS § 706–622.5(4) that she had "complied with other terms and conditions." Therefore, I would hold that the circuit court properly denied Pali's motion for expungement.

It is well-established that the "fundamental starting point for statutory interpretation is the language of the statute itself." *State v. Wheeler*, 121 Hawai'i 383, 390, 219 P.3d 1170, 1177 (2009) (quoting *Citizens Against Reckless Dev. v. Zoning Bd. of Appeals of the City & Cnty. of Honolulu*, 114 Hawai'i 184, 193, 159 P.3d 143, 152 (2007)). "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." *Id.* Moreover, "implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself." *Id.*

At issue in this case is how the court determines that a defendant has "complied with other terms and conditions of probation" as required for expungement of a record of conviction pursuant to HRS § 706–622.5(4). HRS § 706–622.5(4) (Supp.2004) provides:

> The court, upon written application from a person sentenced under this part, shall issue a court order to expunge the record of conviction for that particular offense; <u>provided that a person has successfully completed the substance abuse treatment</u>

---

**17.** Petitioner's third question concerning the court's lack of jurisdiction is based on *Asuncion*, 120 Hawai'i at 329, 205 P.3d at 594, in which the ICA held that the circuit court "no longer had jurisdiction to revoke [the defendant's] probation or modify or enlarge its terms," because the State failed to take any action to modify the terms of the defendant's probation <u>before</u> she completed the probation period. Likewise, in *Johnson*, a court incorrectly sought to modify the defendant's original sentence in the form of a free-standing restitution order that imposed additional monetary obligations on the defendant. 92 Hawai'i at 43, 986 P.2d at 987.

However, because under our view, completion of and discharge from probation cannot be subsequently reexamined, Petitioner is not adversely affected in the expungement proceeding. Petitioner would be in the same position as she was in before she filed the Motion.

Our holding is consistent with *Asuncion*, on the principle that once the defendant has com-

pleted his or her probation, the court no longer has jurisdiction to, in effect, modify the probation terms or revoke the defendant's probation sentence. 120 Hawai'i at 329, 205 P.3d at 594. *Asuncion* pointed out that "the State failed to take any steps <u>during Asuncion's probation</u>" (emphasis added), but instead initiated proceedings to punish the defendant for a probation violation <u>after</u> the completion of his probation term. *Id.* In this case, on the other hand, Petitioner requested the court for an order of expungement, and the court was vested with jurisdiction to decide the Motion, because, as we hold herein, a modification or revocation of Petitioner's probation is not involved.

**1.** I concur in the majority's conclusions that there was no due process violation and that the circuit court had jurisdiction, but on other grounds, discussed infra.

program and complied with other terms and conditions of probation. A person sentenced to probation under this section shall be eligible for one time only for expungement under this subsection.

(Emphasis added).

The statute clearly states that expungement of a defendant's record of conviction requires the defendant to satisfy two conditions: (1) that the defendant successfully complete a substance abuse treatment program, and (2) that the defendant comply with other terms and conditions of probation. The phrase "complied with other terms and conditions of probation" is unambiguous; thus, we must "give effect to its plain and obvious meaning." *Wheeler*, 121 Hawai'i at 390, 219 P.3d at 1177 (citation omitted). Moreover, because the language is unambiguous, this court need not and should not look beyond this language for a different meaning. *See State v. Richie*, 88 Hawai'i 19, 30, 960 P.2d 1227, 1238 (1998) (" 'It is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning.' " (quoting *Alvarez v. Liberty House, Inc.*, 85 Hawai'i 275, 278, 942 P.2d 539, 542 (1997))).

The "plain and obvious meaning" of this phrase is that a defendant must have abided by the specific terms and conditions imposed as part of his or her probation sentence. In other words, a defendant has not "complied" if he or she has violated a condition or term of his or her probation. In my view, this requirement is distinct from a defendant simply completing his or her period of probation or being discharged from probation.

Respectfully, the majority's decision to import the requirements related to revocation of probation and discharge from probation into the expungement provision is contrary to the plain language of HRS § 706–622.5(4). HRS § 706–622.5(4) does not expressly allow

for expungement where a defendant has been discharged from probation or completed his or her term of probation, nor does it make any reference to HRS § 706–630 (regarding discharge from probation) or HRS § 706–625 (regarding revocation of probation).

Had the legislature intended for a defendant's drug conviction record to be expunged when—in addition to completing substance abuse treatment—the defendant completed his or her term of probation or was discharged from probation, the legislature could have included such language in the statute. Instead, the legislature expressly required that the defendant "complied with other terms and conditions of probation." HRS § 706–622.5(4).

Accordingly, I respectfully disagree with the majority's conclusion that the requirement that a defendant "complied with other terms and conditions of probation" is met when the defendant is discharged from and completes a probation term, regardless of whether the defendant in fact conformed to and abided by his or her probationary terms and conditions.

Based on the foregoing, I would hold that the circuit court did not err in denying Pali's motion for expungement. Here, Pali filed a motion for expungement, and the State asserted that she did not comply with a mandatory condition of probation; that is, that she "must not commit another federal or state crime during the term of probation[.]" The State, through a declaration of counsel, cited Pali's five criminal convictions for offenses she committed while on probation.[2] Pali never denied the State's assertion regarding her criminal convictions during her probation. Indeed, in her Memo in Support of Motion for an Order of Expungement, Pali acknowledged two of her criminal convictions:

> Further, per her Probation Officer, Ms. Pali has in fact complied with the "other terms and conditions" of her probation. This despite Ms. Pali's conviction for Theft

**2.** The deputy prosecuting attorney stated that Pali was convicted of: (1) Theft in the Fourth Degree for an offense that occurred on August 9, 2006, (2) Operating a Vehicle Under the Influence of an Intoxicant (OUI) for an offense that occurred on October 6, 2006, (3) Criminal Con-

tempt of Court for an offense that occurred on March 7, 2007, (4) Driving Without a License for an offense that occurred on March 28, 2008, and (5) Driving Without a License for an offense that occurred on November 10, 2009.

4 (where she was considered an accomplice to her daughter because they came into the store together), her OUI (based on a relapse after finishing IOP at Malama in 2006) when she was starting Family Court Drug Court after the OUI as well as participating in The Shelter's Relapse Prevention program after the OUI, and because she was getting Dual Diagnosis treatment based on Mental Health and Drug addiction issues, Ms. Patricio still believes Ms. Pali has successfully complied with the other terms and conditions of her probation and thus discharged her from Probation, with her supervisor's approval.

. . . .

As the law under HRS [§ ] 706–622.5 speaks to complying with "other terms and conditions" of probation and as in her probation officer's opinion and recommendation that Ms. Pali has complied with the other terms and conditions to her satisfaction, Ms. Pali's felony convictions should be expunged at this time.

(Emphasis added).

Although, according to Pali, her probation officer determined that she complied with the other terms and conditions of her probation "to [the probation officer's] satisfaction," Pali clearly failed to comply with the term prohibiting her from committing another crime while on probation.[3] In fact, Pali violated this term of her probation multiple times. Given the type and number of offenses committed by Pali while on probation, it cannot

be said that these violations were trivial or technical in nature. Rather, Pali materially violated the terms of her probation.

Moreover, Pali's certificate of discharge does not lead to a legal or factual conclusion that she complied with the terms and conditions of probation. As the Intermediate Court of Appeals (ICA) noted, the certificate merely stated that Pali, "having completed the period of probation on December 28, 2010, . . . shall be relieved of any obligations imposed by the order of the court and shall have satisfied the disposition of the court[.]" (Emphasis added). The certificate notes only that Pali "completed" her "period of probation"; it does not state that she complied with the terms and conditions of her probation. Indeed, HRS § 706–630, which provides for the discharge of a defendant from probation, neither requires nor makes any reference to compliance with probationary terms or conditions. Rather, the plain language of HRS § 706–630 only provides that the defendant is relieved of any court obligations and is deemed to have satisfied the disposition of the court "[u]pon the termination of the period of the probation or the earlier discharge of the defendant[.]"[4] As is apparent from this case, HRS § 706–630 allows for a defendant to be discharged from probation and deemed to have "satisfied the disposition of the court" even if he or she has repeatedly violated—in other words, failed to comply with—the terms and conditions of probation.[5]

---

3. As stated in note 2, supra, the State asserted that Pali was convicted of Operating a Vehicle Under the Influence of an Intoxicant. Such an offense also appears to violate condition J of the Special Terms and Conditions of Pali's probation, which stated that she "must not possess, use, or consume any alcohol, unprescribed or illegal drug nor possess any drug-related paraphernalia."

4. HRS § 706–630 (Supp.1998) reads in full:
 Upon the termination of the period of the probation or the earlier discharge of the defendant, the defendant shall be relieved of any obligations imposed by the order of the court and shall have satisfied the disposition of the court, except as to any action under this chapter to collect unpaid fines, restitution, attorney's fees, costs, or interest.
 The foregoing language indicates that a defendant discharged from probation would no longer

be subject to obligations previously imposed by the court, and that the court may not impose on the defendant any additional obligations, except with respect to actions to collect, inter alia, unpaid fines. The statute does not provide that the terms and conditions of probation are deemed to have been complied with.

5. Under the majority's reasoning, any failure by the State or a probation officer to raise the violations in a revocation hearing renders such violations inconsequential in a separate HRS § 706–622.5(4) expungement proceeding wherein the court must determine, inter alia, whether the defendant complied with his or her probationary terms and conditions. Respectfully, I believe such an interpretation is contrary to the plain language of HRS § 706–622.5(4) and is not supported by HRS §§ 706–625 and 706–630.

For these reasons, I respectfully disagree with the majority's assertion that determinations of non-compliance in an HRS § 706–622.5(4) expungement hearing after discharge would conflict with HRS § 706–630 and a certificate of discharge. *See* majority opinion at 371–72, 373, 300 P.3d at 1030–31, 1032. A denial of an expungement request because of non-compliance does not in any way disturb or undo the effects of discharge; here, the circuit court's denial neither subjected Pali to any further court obligations nor deemed her term of probation incomplete.[6] Indeed, expungement under HRS § 706–622.5(4) is a benefit that is <u>additional</u> to and <u>separate</u> from the discharge from probation;[7] accordingly, an independent determination that the defendant met all of the statutory requirements for expungement would not be inconsistent with prior probation proceedings.[8]

I would therefore hold that Pali did not comply with other terms and conditions of her probation and thus did not satisfy all of the requirements for expungement of a record of conviction under HRS § 706–622.5(4). Accordingly, I would affirm the judgment of the ICA, which affirmed the Circuit Court of the Second Circuit's May 11, 2011 "Order Denying Defendant's Motion for an Order of Expungement Pursuant to HRS § 706–622.5(4)."

**6.** Moreover, the circuit court's denial does not conflict with any prior "judicial determination[,]" *see* majority opinion at 371–72, 300 P.3d at 1030–31, as the record does not reflect any express prior judicial ruling, regarding Pali's discharge or otherwise, that Pali complied with the terms and conditions of probation. Indeed, "no formal discharge is required upon termination of the statutory period of suspension or probation[,]" Commentary to HRS § 706–630, and the probation administrator, not a judge, signed Pali's certificate of discharge. Thus, it would appear that the circuit court's denial of expungement did not constitute a "reexamination" or "redetermination" of compliance.

**7.** Additionally, expungement would appear to serve a different purpose than revocation of probation. The revocation process punishes a defendant by revoking probation if the defendant "has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or has been convicted of a felony." HRS § 706–625(3). Expungement under HRS § 706–622.5(4), on the other hand, provides additional benefits to defendants who have completed a substance abuse treatment program and complied with all other terms and conditions of probation.

**8.** For similar reasons, I would also hold that Pali's due process and jurisdiction arguments are without merit. Pali's due process rights were

not violated because the circuit court did not modify Pali's sentence, Pali's position is unchanged from before the filing of her expungement motion, and the circuit court afforded Pali—and Pali accepted—the opportunity to respond to the State's opposition to her motion. Moreover, Pali's reliance on probation revocation requirements is unavailing because the expungement procedure is separate from revocation, and HRS § 706–622.5(4) does not contain any reference to revocation.

Pali's argument that the circuit court lacked jurisdiction is also without merit. Pali argues that because Pali's violations were not previously raised in a revocation or modification motion, the circuit court's denial of her expungement motion, based on her previous violations, "constituted an illegal modification of sentence for which the circuit court had no jurisdiction." However, as stated above, the circuit court's denial of expungement in no way modified any terms of probation or revoked Pali's probation; rather, the expungement procedure requires the distinct determination that the defendant has, inter alia, "complied with other terms and conditions of probation." HRS § 706–622.5. Moreover, Pali's reliance on *State v. Asuncion*, 120 Hawai'i 312, 205 P.3d 577 (2009), is misplaced because, as the majority notes, the facts in *Asuncion* are distinguishable from the instant case. Majority opinion at 374 n. 17, 300 P.3d at 1033 n. 17.