

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDAL KAHUMOKU,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>UNITED AIRLINES, INC.,<br><br>          Defendant - Appellee,<br><br>  And<br><br>DOES 1 - 10 and DOES ENTITIES 1-10,<br><br>          Defendants. | No. 13-15573<br><br>D.C. No. 1:11-cv-00661-ACK-BMK<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior District Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Randal Kahumoku ("Kahumoku") appeals the district court's summary judgment in favor of United Airlines, Inc. ("UAL") on his claim that UAL's termination of his employment as a customer service representative ("CSR") based on his conviction violated Hawaii Revised Statutes Section 378-2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Although section 378-2 prohibits an employer from terminating an employee "because of" his or her "arrest and court record," Haw. Rev. Stat. §378-2(a)(1), section 378-2.5 provides an exception to this rule by allowing employers to "inquire about and consider an individual's criminal conviction record concerning . . . termination . . . provided that" the conviction occurred within the last ten years, excluding periods of incarceration, and that it is rationally related to the employment position, Haw. Rev. Stat. § 378-2.5(a), (c). Based on the statutory language's plain and obvious meaning, *State v. Pali*, 300 P.3d 1022, 1028 (Haw. 2013), there are no genuine issues of material fact in dispute that UAL's termination of Kahumoku's employment complied with section 378-2.5's requirements.

UAL "inquire[d] about and consider[ed]" Kahumoku's conviction "concerning . . . termination," § 378-2.5(a), within ten years of June 27, 2000, the date the clock began to run for section 378-2.5(c) purposes. It did so beginning in early October 2009, when UAL met with Kahumoku and put him on leave pending further

2

investigation into his conviction, and it continued to do so until April 28, 2010, when a hearing officer upheld Kahumoku's termination. That Kahumoku's *appeal* of his termination did not become final until December 3, 2010, does not change the fact that UAL "inquire[d] about and consider[ed]" his conviction record within ten years of June 27, 2000.

As to section 378-2.5's second requirement, an examination of Kahumoku's conviction and a CSR's job "duties and responsibilities" demonstrates that the former is rationally related to the latter. Kahumoku was convicted for "knowingly subject[ing] to sexual contact another person who is mentally defective, mentally incapacitated, or physically helpless, or causes such a person to have sexual contact with the actor." Haw. Rev. Stat. § 707-732 (1)(c) (1993). It is undisputed that a CSR's responsibilities include, among other things, assisting disabled passengers around the airport and onto and off of airplanes, escorting unaccompanied minors to their guardians and to their connecting flights, and caring for minors overnight in the event of an extreme delay in connecting flights. In carrying out these and other duties, CSRs are at times alone with passengers and they "get to know" the repeat customers. These duties are rationally related to Kahumoku's conviction.

We decline to reach Kahumoku's argument that section 378-2.5 is preempted by federal law because he raised it for the first time on appeal. *Baccei v. United*

*States*, 632 F.3d 1140, 1149 (9th Cir. 2011) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal[.]" ).

**AFFIRMED.**